**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

YUZI CUI,

*Petitioner*,

v.

MERRICK B. GARLAND, Attorney General,

*Respondent.*

No. 18-72030

Agency No.
A205-542-606

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 15, 2021
Pasadena, California

Filed September 23, 2021

Before: Richard A. Paez and Lawrence VanDyke, Circuit
Judges, and Sharon L. Gleason,[*] District Judge.

Opinion by Judge VanDyke;
Partial Concurrence and Partial Dissent by Judge Paez

---

[*] The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

**SUMMARY**[**]

**Immigration**

Denying Yuzi Cui's petition for review of a decision of the Board of Immigration Appeals, the panel concluded that the BIA did not abuse its discretion in determining that Cui did not timely file a motion to reopen and did not commit legal error in declining to sua sponte reopen her case.

Cui was ordered removed in absentia on March 4, 2014, and her counsel appealed that order to the BIA. On July 30, 2014, counsel attempted to file before the IJ a motion to reopen, but the immigration court clerk rejected the motion, stating that Cui's counsel was not counsel of record and that, because there was a BIA appeal pending, the immigration court was the wrong filing location. Counsel did not refile the motion, but filed a motion to remand with the BIA. The BIA returned the case to the immigration court in 2015. In November 2016, counsel filed a second motion to reopen, which the IJ denied, and the BIA dismissed Cui's appeal.

The panel explained that, in *In re Guzman-Arguera*, 22 I. & N. Dec. 722 (BIA 1999), the BIA held en banc that it is without authority to consider a direct appeal from an in absentia order. Rather, a petitioner must first file a motion to reopen under 8 U.S.C. § 1229a(b)(5)(C)(i), which states that a petitioner may challenge an in absentia removal order by filing a motion to reopen within 180 days after the date of the order of removal if the petitioner demonstrates that the

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

failure to appear was because of exceptional circumstances. The panel further explained that *In re Guzman-Arguera* gives clear notice that the 180-day timeline will not be tolled or stayed when a petitioner mistakenly files an appeal to the BIA.

The panel concluded that the IJ's in absentia order became final on August 31, 2014—at the end of the 180-day deadline. At that point, Cui had forfeited her right to seek reopening before the IJ, as well as her right to appeal to the BIA. The panel explained that, because in absentia orders may not be appealed to the BIA without first filing a motion to reopen before the IJ within 180 days, if the petitioner does not timely file such a motion before the IJ, the order becomes final at the end of the 180-day period.

The panel rejected Cui's arguments that the IJ's in absentia removal order was not final and that her proceedings were still pending. First, Cui argued that she timely filed her 2014 motion to reopen, such that the case was still pending before the IJ. Rejecting this argument, the panel explained that substantial evidence supported the conclusion that the motion was rejected and not filed. Second, Cui argued that she timely appealed the IJ's order, and the BIA remanded the decision, such that the case was pending before the IJ. The panel rejected that contention, explaining that the BIA made no decision on appeal and explicitly "returned"—rather than "remanded"—the record to the IJ, that the IJ's in absentia order was final, and that the improper appeal did not toll the 180-day deadline.

The panel also concluded that the BIA did not abuse its discretion in denying Cui's 2016 motion to reopen, explaining that the motion was untimely and did not articulate exceptional circumstances. The panel further

concluded that the BIA did not abuse its discretion in declining to equitably toll the 180-day deadline where Cui did not allege any claims of fraud or deceit. The panel also concluded that the BIA did not rely on an incorrect legal premise in declining to sua sponte reopen, observing that, although Cui claimed prima facie eligibility for adjustment of status, the BIA is entitled to deny a motion where, as here, the ultimate relief sought is discretionary. Finally, the panel noted that, while Cui is arguably a victim of ineffective assistance of counsel, she failed to raise any such claim and continued to retain her arguably ineffective counsel before this court on appeal.

Concurring in part and dissenting in part, Judge Paez concurred in the majority's denial of the petition as to Cui's 2016 motion to reopen, but disagreed with the determination that the BIA did not abuse its discretion by refusing to rule on the 2014 motion. Judge Paez wrote that the BIA erroneously determined that the motion was not timely filed in the immigration court, explaining that there was no legal basis for an immigration court clerk to reject a timely motion to reopen as having been filed in the wrong court. Judge Paez wrote that the clerk prevented Cui from vindicating her statutory right to move to reopen her in absentia order, and the BIA placed her in an impossible bureaucratic Catch-22 and then faulted her for failing to find a way out. Judge Paez also concluded that the BIA erred by denying sua sponte reopening because that decision was tainted by its incorrect determination that Cui failed to timely move to reopen her in absentia order. Judge Paez would grant the petition and remand for consideration of Cui's 2014 motion.

**COUNSEL**

Shun C. Chen (argued), Law Offices of Shun C. Chen APLC, Irvine, California, for Petitioner.

Erik R. Quick (argued), Trial Attorney; Kiley Kane, Senior Litigation Counsel; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

VANDYKE, Circuit Judge:

Yuzi Cui petitions for review of the Board of Immigration Appeals' (BIA) dismissal of her appeal of the Immigration Judge's (IJ) discretionary denial of her 2016 motion to reopen her 2014 removal proceedings.

Cui is a Chinese citizen who overstayed her work visa and applied for asylum. During the pendency of her immigration proceeding in 2014, Cui was arrested while out of state and neither she nor her counsel attended her merits hearing before the IJ. On March 4, 2014, the IJ ordered her removed in absentia. Although Cui engaged a second lawyer, that lawyer's first act was to incorrectly file an appeal to the BIA of the in absentia order. In July 2014, Cui's counsel attempted to file a motion to reopen before the IJ, but the immigration court clerk rejected and did not file the motion to reopen because of the pending appeal and because another attorney was counsel of record in the immigration court. Cui's counsel did not attempt to rectify his errors or refile the motion to reopen within the statutorily allotted 180 days to challenge an in absentia order. 8 U.S.C.

§ 1229a(b)(5)(C)(i).  Over two years later in 2016, after the BIA returned Cui's case to the IJ for lack of jurisdiction to consider the erroneous appeal, Cui's counsel again filed a motion to reopen before the IJ.  Both the IJ and the BIA dismissed this 2016 motion to reopen as untimely.  Cui petitions for review of the BIA's dismissal.

Although procedurally complicated, Cui's claims boil down to whether the BIA was required to look to the unfiled 2014 motion to reopen while considering the untimely 2016 motion to reopen.  The record demonstrates that Cui's 2014 motion was never filed, and published en banc BIA precedent long predating this case dictates that the case progression here did not toll the 180-day deadline to file a motion to reopen.  Thus, the BIA neither abused its discretion in determining that Cui's 2016 motion was untimely nor legally erred by declining to sua sponte reopen her case.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Cui first entered the United States on a work-related B-1 visa in November 2011 and returned to China without filing for asylum.[1]  She then returned to the U.S. on another B-1 visa in March 2012, and applied for asylum in July 2012.  In October 2012, Cui received a Notice to Appear for overstaying her visa, and conceded removability.  Cui's counsel of record at the time was personally served in

---

[1] While Cui in her briefing disputes that she returned to China after entering the U.S. in 2011, her own declaration before the agency states that she "returned to China" after her first entry into the U.S. in 2011 because she "knew . . . [her] work unit would be negatively affected" if she "did not return to China."

December 2012 with notice of a hearing set for March 4, 2014.

On February 10, 2014, Cui was arrested in Tennessee and her travel documents were allegedly confiscated. On February 26, 2014, Cui's counsel filed a motion to continue the March merits hearing. But the IJ did not grant the motion to continue prior to the hearing. When neither Cui nor her counsel appeared at the merits hearing on March 4, 2014, the IJ ordered Cui removed in absentia. Cui's 180-day time limit to file a motion to reopen her proceedings to rescind the IJ's order began that day. *See* 8 U.S.C. § 1229a(b)(5)(C)(i).

Cui then engaged her current counsel, Mr. Chen, who filed an appearance with the BIA, and on April 1, 2014 improperly filed an immediate appeal of the IJ's in absentia removal order with the BIA. *See* 8 U.S.C. § 1229a(b)(5)(C). The appeal argued that the prior attorney filed a motion to change *venue* (which does not appear in the record) due to Cui's relocation to Tennessee, and that the IJ improperly denied the motion to change venue and issued an order of removal.

More than three months later, on July 30, 2014, Cui's counsel attempted to file before the IJ a motion to reopen the IJ's in absentia removal order, citing "changed circumstances" and explaining that Cui now had her travel documents and could attend a hearing—instead of explaining the statutorily required "exceptional circumstances" that prevented Cui (or her counsel) from appearing at the merits hearing. *See* 8 U.S.C. § 1229a(b)(5)(C)(i), (e)(1). The immigration court clerk rejected, and did not file, the motion to reopen on August 19, 2014, because (a) the BIA appeal was still pending, so the court clerk presumably perceived the appeal to have divested the immigration court of jurisdiction over the case, and

(b) Mr. Chen was not listed as counsel of record in the immigration court, and he had not filed the required motion to substitute as counsel in that court.  Cui did not refile that motion to reopen after it was rejected, and the 180-day deadline to file such a motion ran on August 31, 2014.  *See* 8 U.S.C. § 1229a(b)(5)(C)(i).

Then, before the BIA on October 3, 2014, Cui's counsel filed a motion to remand Cui's case to the immigration court. The BIA did not rule on the motion for over a year, and on October 16, 2015, the BIA returned (but did not "remand") Cui's case to the immigration court, noting that a motion to reopen before the IJ was the appropriate route to seek reconsideration of an in absentia removal order in Cui's circumstances.  *See* 8 U.S.C. § 1229a(b)(5)(C).  In its order, the BIA cited to *In re Guzman-Arguera*, 22 I. & N. Dec. 722 (BIA 1999), in which the BIA previously held en banc that it "is without authority to consider a direct appeal from an in absentia order," and, in "return[ing] [the record] to the Immigration Court without further Board action," *id.* at 723, the BIA majority opinion declined to incorporate the concurring judges' recommendations to either "treat[] the appeal as a motion" or consider the petitioner's "removal from the United States . . . stayed," *id.* at 724 (Villageliu, J., concurring).

## A.  IJ Motion to Reopen Decision

More than two years after the first attempted motion to reopen, on November 4, 2016, Cui's counsel filed a second motion to reopen, stating Cui's "U.S. Citizen husband filed an I-130 petition . . . which was granted" by the U.S. Citizenship and Immigration Services, and Cui therefore "intends to file an adjustment of status."  On December 5, 2016, the IJ denied this motion to reopen the in absentia removal order on the grounds that the motion was filed "two

years after the filing deadline" and because the motion also did not allege "exceptional circumstances" that caused Cui to miss her original hearing. The IJ further denied sua sponte reopening, noting Cui did not merit an exercise of discretion because Cui's approved I-130 petition was granted "during her protracted unauthorized presence in the United States" and the IJ would not "credit [her] for after-acquired equities, thereby undermining the INA, circumventing the regulations, and rewarding [her] for disregarding the Court's order."

## B. BIA Motion to Reopen Decision

Cui appealed to the BIA, which dismissed the appeal. Cui then petitioned for review to this court, but this court granted the government's unopposed motion to remand back to the BIA because page 3 of the IJ's decision was not included in the Record of Proceeding. Upon reconsideration of the full IJ opinion, a majority of the BIA panel dismissed Cui's appeal.

The BIA addressed Cui's argument that the IJ erred in finding her 2014 motion to reopen was not filed and noted that because the "motion was not accepted for filing" it was "understandable that the [IJ] did not reference [the merits of the 2014 motion] in the decision under review." The BIA also disagreed with Cui's claim that the BIA "implicitly granted tolling" of the 180-day deadline when it returned the record to the IJ in its October 2015 decision, because "the decision explicitly state[d] that the record [was] returned . . . without further action." The BIA also concluded it would not equitably toll the deadline because Cui "has not offered any indication that deception, fraud, error, or ineffective assistance of counsel precluded her from timely filing her motion to reopen in the proper location."

Lastly, the BIA determined that because the BIA had *returned* the record to the IJ after Cui's motion to remand, such action did not constitute a remand and the IJ's in absentia removal order was "in fact final," citing the regulation that defined a final decision of the IJ as one for which the time to appeal has expired. The BIA thus affirmed the IJ's conclusion that the 2016 motion to reopen was untimely. The BIA also agreed with the IJ that Cui's 2016 motion to reopen did not allege exceptional circumstances and was properly denied "for this independent reason." The BIA concluded that the IJ did not abuse its discretion in denying sua sponte reopening because Cui did "not identif[y] other equities besides potentially becoming eligible for relief during the time in which she resided in this country without legal status."

## II. STANDARD OF REVIEW

We have jurisdiction to review final removal orders under 8 U.S.C. § 1252(a)(1) and to review the BIA's denial of a motion to reopen for abuse of discretion. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). "Motions for reopening of immigration proceedings are disfavored," and as such, "the Attorney General has 'broad discretion' to grant or deny such motions." *INS v. Doherty*, 502 U.S. 314, 323 (1992) (citation omitted). The BIA only abuses its discretion when the decision is "arbitrary, irrational or contrary to law." *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004) (citation omitted).

## III. MOTION TO REOPEN

8 U.S.C. § 1229a(b)(5)(C)(i) states that a petitioner may challenge an in absentia removal order by filing "a motion to reopen . . . within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear

was because of exceptional circumstances." Over twenty years ago, the BIA interpreted this provision in an en banc published opinion to mean that the BIA "is without authority to consider a direct appeal from an in absentia order" and a petitioner must first file a motion to reopen before an IJ and "exhaust[] this avenue of relief" before she may "file an appeal with the Board." *In re Guzman-Arguera*, 22 I. & N. Dec. at 723. Cui advances a variety of arguments claiming the IJ's in absentia removal order was not final and that she filed a timely motion to reopen, but the record rebuts her assertions.

## A. The IJ's Removal Order was Final.

A removal order "become[s] final upon the earlier of (i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." 8 U.S.C. § 1101(a)(47)(B); *see* 8 C.F.R. § 1003.39. Because in absentia removal orders may not be appealed to the BIA without first filing a motion to reopen the order before the IJ within 180 days of the order, 8 U.S.C. § 1229a(b)(5)(C)(i); *In re Guzman-Arguera*, 22 I. & N. Dec. at 723, if the petitioner does *not* timely file such a motion before the IJ the order becomes final at the end of the 180-day period. "[T]he period in which the alien is permitted to seek review of such order by the [BIA]" also expires at that time, *id.* § 1101(a)(47)(B)(ii), because, while the alien *could have* sought BIA review *after* first exhausting her motion to reopen before the IJ, once the petitioner fails to file a timely motion with the IJ under § 1229a(b)(5)(C)(i), the ability to ultimately appeal to the BIA expires along with the 180-day deadline to seek reopening before the IJ.

In this case, the IJ's in absentia removal order became final on August 31, 2014—at the end of

§ 1229a(b)(5)(C)(i)'s 180-day deadline to file a motion to reopen with the IJ. At that point, Cui had forfeited not only her right to seek reopening before the IJ, but also her right to appeal her in absentia removal to the BIA under the BIA's authoritative interpretation of § 1229a(b)(5)(C)(i) in *In re Guzman-Arguera*.

Cui disagrees, arguing that the IJ's in absentia removal order was not final and that her removal proceeding is still pending. She advances two arguments for this proposition, suggesting that she either (a) timely and properly filed a motion to reopen on July 30, 2014, that is still pending adjudication by the IJ, or (b) timely appealed the IJ's in absentia removal order and the BIA remanded the decision such that it is currently pending review before the IJ. Because Cui never properly filed a motion to reopen her removal proceedings within the statutorily allotted 180 days from date of the removal order, and because the BIA's published en banc precedent dictates that returning the record in such a case involving an improper appeal does not toll the 180-day deadline, there are no proceedings pending before the IJ and Cui's removal order was final upon expiration of the 180 days after March 4, 2014.

### i. The July 2014 motion to reopen was rejected by the filing clerk and not filed.

Whether a filing was rejected or accepted is a question of fact, and we review the BIA's factual determinations for substantial evidence. *Najmabadi*, 597 F.3d at 986. Cui and her then-counsel had notice of her merits hearing, and neither attended. Once the IJ entered the in absentia removal order, Cui had to file a motion to reopen within 180 days to challenge that order. 8 U.S.C. § 1229a(b)(5)(C)(i). Cui's new counsel attempted to file a motion to reopen within the

180-day timeline[2] after incorrectly filing an appeal, but substantial evidence supports the BIA's conclusion that the motion to reopen was rejected and not filed by the immigration court clerk. The record contains a notice rejecting the attempted filing of the 2014 motion, which was mailed to Cui's counsel with fourteen days left before the 180-day window to challenge the in absentia order closed. The court clerk's rejection stated that because Cui's new counsel was not counsel of record before the IJ he could not file the motion[3] and, because there was a BIA appeal

---

[2] The 2014 motion to reopen did not explain what "exceptional circumstances" prevented Cui (or, more importantly, her attorney) from appearing at the merits hearing. Such "exceptional circumstances" could include "battery or extreme cruelty to the alien . . . , serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances[] beyond the control of the alien." 8 U.S.C. § 1229a(e)(1). Cui's motion simply stated that her "travel documents were taken away" and were now "returned" such that she could now personally "appear . . . for a merit hearing." The dissent criticizes us for noting these problems with Cui's motion, claiming Cui "plainly provides an account of the circumstances that prevented her from appearing." Though we are skeptical these circumstances constitute "exceptional circumstances" under the statute, ultimately it doesn't matter because Cui's motion gives no explanation as to why *her counsel* could not be present.

[3] Cui's new counsel, Mr. Chen, served a copy of an Entry of Appearance in the immigration court together with the motion to reopen on July 30, 2014. But Mr. Chen did not submit a written or oral motion to *substitute* as counsel, which is procedurally required when a petitioner is already represented. 8 C.F.R. § 1003.17(b). That reason given by the clerk's office for rejecting the motion is supported by the immigration court's procedural rules. *See id.*

pending, the immigration court was the wrong filing location.[4]

Importantly, Cui did not attempt to refile the July 2014 motion to reopen by the 180-day statutory deadline. Cui's counsel had (including the day the rejection notice was mailed) fourteen days left before the 180 days to refile a motion to reopen before the deadline would run on August 31, 2014 (which was a Sunday, so he could have filed as late as Monday, September 1, 2014). In those fourteen days, counsel did not (a) attempt to dismiss or remand the

---

[4] As already noted, a motion to reopen an in absentia removal proceeding can only be filed with the immigration court. 8 U.S.C. § 1229a(b)(5)(C)(i). But as the court clerk noted, there was an (improper) appeal pending, so it was understandable that the court clerk included this point in her rejection notice. Generally speaking, an appeal to the BIA will divest the IJ of jurisdiction. *See* 8 C.F.R. § 1003.23(b)(1); *In re Valles-Perez,* 21 I. & N. Dec. 769, 771 (BIA 1997) ("[O]nce an appeal is filed with the [BIA], the Immigration Court ... loses jurisdiction over the matter."); *Matter of H-*, 20 I. & N. Dec. 611, 612 n.1 (BIA 1992) ("Since the immigration judge had certified his decision to this Board on March 6, 1992, he no longer retained jurisdiction over the applicant's case. . . ."); *see also Puc-Ruiz v. Holder*, 629 F.3d 771, 782 (8th Cir. 2010) ("Under BIA precedent and established policy, an IJ loses jurisdiction over a removal case once the alien files a Notice of Appeal with the BIA. *In re Aviles,* 15 I. & N. Dec. 588, 588 (BIA 1976); *In re Mintah,* 15 I. & N. Dec. 540, 541 (BIA 1975); Board of Immigration Appeals Practice Manual § 4.2(a)(ii).").

The dissent objects to our assertion that the immigration court partially relied on the impending appeal as grounds for rejecting the filing, maintaining we "rel[y] on facts not in the record" because "there is no language . . . anywhere in the record indicating that an immigration court clerk determined that 'there was an (improper) appeal pending.'" But the BIA specifically acknowledged and accepted the IJ's ruling that the motion was rejected because "the listing of a different attorney from the respondent's counsel of record *and the pendency of the respondent's appeal before the Board*" (emphasis added).

erroneous appeal pending before the BIA or (b) file a motion to substitute counsel with the immigration court. "Parties are expected to exercise due diligence" when an improperly filed submission is "rejected by the Immigration Court with an explanation for the rejection. . . . The term 'rejected' means that the filing is returned to the filing party because it is defective and therefore will not be considered by the Immigration Judge." *Immigration Court Practice Manual*, EOIR 39 (last revised Sept. 30, 2014), https://www.justice.gov/sites/default/files/eoir/legacy/2014/09/30/Practice_Manual_1-27-14.pdf (quoting Chapter 3.1(d)(i)) (manual authorized under 8 C.F.R. §§ 1003.0(b)(1)(i), 1003.9(b)(1)).

Cui's counsel's first mistake, filing an improper appeal, was not alone fatal. Once the immigration court rejected his filing, all he needed to do was withdraw Cui's improper appeal to the BIA, fix the problem with his EOIR-28 form, and refile with the immigration court within the fourteen days still left on Cui's 180-day clock. He never did that. In fact, he took *no* action on Cui's case—in the BIA or immigration court—until months later. Substantial evidence supports the BIA's conclusion that the July 2014 motion to reopen was properly rejected and never filed. Cui thus did not properly file a motion to reopen within the statutory timeline.[5]

---

[5] The dissent characterizes Cui as being caught in "an impossible bureaucratic Catch-22" and maintains there was "nothing Cui could have done to overcome the clerk's erroneous determination that the immigration court was the 'incorrect filing location.'" To the extent Cui found herself in a Catch-22, it was entirely of her and her lawyer's own making. Had her lawyer not ignored the agency's long-standing procedural requirements or properly filed his motion to substitute

### ii.  When the BIA "returned the record" to the IJ, it did not "remand" the case.

The statutory timeline to file a motion to reopen was also not extended by any procedural action taken by the BIA.  As discussed, Cui initially filed an appeal with the BIA instead of filing a motion to reopen.  After receiving the immigration court's rejection of the July 2014 motion to reopen filing, Cui's counsel months later on October 3, 2014, filed with the BIA a motion to remand the appeal back to the IJ (instead of simply withdrawing the appeal).  In responding over a year later to Cui's motion to remand, the BIA did not grant the motion to *remand*, but instead explained why the appeal was procedurally incorrect and stated that "the record will be *returned* to the Immigration Court without further Board action."   Cui claims that this statement means the BIA *remanded* the case, and thus "[t]he legal status of the case is [still] pending" because the IJ was required to do something with the case after the "remand," which it has never done.

The BIA's interpretation of the legal force given to a prior order is a legal determination we review de novo, *see Lopez-Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir. 2003), but with deference to the BIA's interpretation of the statutes governing its own jurisdiction, *see Karingithi v. Whitaker*, 913 F.3d 1158, 1161–62 (9th Cir. 2019) (adopting the BIA's interpretation of its "jurisdiction over [petitioner's] removal proceedings" because "[t]he BIA's interpretations of its regulations are due 'substantial deference'" (citation omitted)).   Applying deferential review, "return" and "remand" are different courses of action by the BIA, and the BIA declined to address the merits

counsel—*or corrected these errors before the deadline once he was made aware of them*—none of this would have happened.

of the appeal or use the word "remand" in its four-sentence order.

The BIA noted that Cui "fil[ed] an appeal with the [BIA], rather than [correctly] . . . filing a motion to reopen with the [IJ] in accordance with" statutory law, and thus the BIA "returned" the record rather than granting Cui's motion to remand. This language is identical to the language used in the BIA's en banc decision cited by the BIA in this case: *In re Guzman-Arguera*, 22 I. & N. Dec. 722 (BIA 1999). Under *In re Guzman-Arguera*, the BIA "is without authority to consider a direct appeal from an in absentia order," and, in "return[ing] [the record] to the immigration court without further Board action," *id.* at 723, the BIA declined to adopt the minority's suggested approach, refusing to "treat[] the appeal as a motion" or consider the petitioner's "removal from the United States . . . stayed" during the improper appeal to the BIA. *Id.* at 724 (Villageliu, J., concurring). *In re Guzman-Arguera*, which is now over two decades old, gives clear notice to any immigration practitioner that the 180-day timeline to file a motion to reopen before the IJ will not be tolled or stayed when a petitioner mistakenly files an appeal to the BIA instead of correctly filing a motion to reopen before the IJ. *Id.* at 723–24.

The BIA thus reasonably treated Cui's improper appeal as being withdrawn by Cui's motion to remand. When an appeal is withdrawn, "[i]f the record has been forwarded on appeal, . . . and, if no decision in the case has been made on the appeal, *the record shall be returned and the initial decision shall be final to the same extent **as if no appeal had been taken**.*" 8 C.F.R. § 1003.4 (emphases added). As the BIA made no decision on appeal and explicitly "returned" the record to the IJ, the IJ's "initial decision [was] final," *id.*,

not implicitly tolled,[6] and the time in which Cui could challenge the decision expired 180 days after March 4, 2014, on August 31, 2014. 8 C.F.R. § 1003.39 ("[T]he decision of the [IJ] becomes final upon . . . expiration of the time to appeal. . . .").[7]

## B.  The November 2016 Motion to Reopen was Untimely.

### i.   The 2016 Motion to Reopen was untimely and does not meet the requirements of § 1229a(b)(5)(C)(i).

Cui filed a second motion to reopen on November 4, 2016. This motion was filed over two and a half years after Cui's March 4, 2014 removal order and was therefore untimely.    8   U.S.C.   § 1229a(b)(5)(C)(i);   8   C.F.R.

---

[6] The BIA rejected Cui's argument that its "remand" (according to Cui) served to implicitly toll the 180-day deadline imposed by statute, noting that "the record [was] returned" and there was no "decision [made] on [Cui's] appeal." Before this court, Cui sets out her disagreement with the BIA in her "Statement of the Case" section, but "makes no substantive argument about either 'implicit tolling' or the 'law of the case' in her brief." Cui thus waives this issue on appeal. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

[7] Although the dissent cites the BIA's decades-old *Guzman-Arguera* decision repeatedly without once disagreeing with it, it never acknowledges the controlling force of that precedent in this case. If Cui's counsel had followed *Guzman-Arguera*'s clear guidance and properly filed her motion to reopen before the IJ instead of improperly trying to directly appeal her in absentia removal to the BIA (and then treating that improper appeal as tolling her deadline in the immigration court, contra *Guzman-Arguera*), her motion to reopen may have been properly considered by the immigration court, assuming her counsel also properly substituted as new counsel in the IC.

§ 1003.23(b)(4)(ii).[8]  The BIA did not abuse its discretion in denying the untimely motion to reopen.  *Singh-Bhathal v. INS*, 170 F.3d 943, 946 (9th Cir. 1999).

The 2016 motion to reopen also did not articulate exceptional circumstances beyond Cui's control that caused her to miss her original merits hearing.  *See* 8 U.S.C. § 1229a(b)(5)(C)(i), (e)(1).  Instead, the motion requested in a single line that Cui's removal proceedings be reopened because her "U.S. Citizen husband filed an I-130 Petition with CIS, which was granted, and [Cui] intends to file an adjustment of status with CIS."  It never mentions either the IJ's March 2014 in absentia order or Cui's July 2014 motion rejected by the immigration court.  Cui did not establish in her 2016 motion to reopen that "exceptional circumstances" caused her to miss her hearing, and the BIA was thus within its discretion to deny the motion even if it was timely—

---

[8] Even if we were to credit Cui's argument that "8 U.S.C. § 1229a(c)(7)(C)(i) governs the deadline for Cui's Second Motion to Reopen," meaning that Cui had an additional 90 days to appeal the denial of filed motion to reopen after the 180-day deadline of August 31, 2014, Cui's second motion (filed November 4, 2016) was filed well after that additional 90-day deadline (November 29, *2014*) and was still untimely. But we do not credit that argument.  Section 1229a(c)(7)(C)(i) explicitly notes that there is an exception to the 90-day deadline where a petitioner is "filing . . . a motion to reopen an order entered pursuant to [an in absentia removal order] [which] is subject to the [180-day] deadline specified [in that] . . . subsection."  *Id.* § 1229a(c)(7)(C)(iii).  Cui thus only had 180 days to file a motion to reopen based on "exceptional circumstances," and never alleged that she did not receive notice of the merits hearing (which would allow a motion to reopen removal proceedings to be filed at any time). *Id.* § 1229a(b)(5)(C)(i), (ii).

which it wasn't.  *Cf. Arredondo v. Lynch*, 824 F.3d 801, 806–07 (9th Cir. 2016).[9]

### ii. The BIA did not abuse its discretion in declining to equitably toll the 180-day deadline.

We review BIA decisions to deny equitable tolling of a motion to reopen for abuse of discretion.  *Lona v. Barr*, 958 F.3d 1225, 1230–32 (9th Cir. 2020).  "This court . . . recognize[s] equitable tolling of deadlines . . . on motions to reopen or reconsider [where] a petitioner [was] prevented from [timely] filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error."  *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003).  Cui's one-sentence 2016 motion to reopen does not allege any claims of fraud or deceit and simply asks to reopen the removal order so Cui may "file an adjustment of status with CIS."  The BIA therefore did not abuse its discretion in declining to equitably toll the 180-day deadline to file a motion to reopen where Cui failed to demonstrate due diligence in discovering any deception,

---

[9] Citing *Townsend v. Columbia Operations*, 667 F.2d 844, 849 (9th Cir. 1982) and *Rosales-Martinez v. Palmer*, 753 F.3d 890, 894–95 (9th Cir. 2014), Cui argues that precedent exists for the IJ to incorporate unfiled documents in the record and that the "[t]he legal effect of [Cui's] First Motion to Reopen should be considered by this Court to make its ruling."  In *Townsend*, the unfiled documents were "identified in the complaint as writings and are fully described," 667 F.2d at 848, and further "were physically in the courtroom at the argument, were referred to and relied on by both sides in that argument, and were the basis of the opinion dictated by the court at the end of the argument," *id.* at 849.  In *Rosales-Martinez*, the initial complaint "summarize[d]" the documents contained in a motion to supplement the record.  753 F.3d at 895.  But Cui never described, or even identified, either the "March 2014 *in absentia* order or her [never-filed] July 2014 motion" in her November 2016 motion to reopen.

fraud, or error. *See Luna v. Holder*, 659 F.3d 753, 759 (9th Cir. 2011).

## IV. DENIAL OF SUA SPONTE REOPENING

We may only exercise jurisdiction over BIA decisions denying sua sponte reopening "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Although Cui claims that she demonstrated prima facie eligibility for adjustment of status, and it was legal error to deny sua sponte reopening, "where the ultimate grant of relief is discretionary, as it is in the case of suspension of deportation, the BIA may determine that the movant is not entitled to relief even though [s]he meets the threshold requirements for eligibility." *Sequeira-Solano v. INS*, 104 F.3d 278, 279 (9th Cir. 1997). And in exercising its discretionary authority, the Court finds that the BIA did not "rel[y] on an incorrect legal premise" in declining to sua sponte reopen Cui's case. *See Bonilla*, 840 F.3d at 588 (internal quotation marks omitted).[10]

## V. CONCLUSION

While one could argue that Cui is a victim of ineffective assistance of counsel, she failed to raise any such claim and

---

[10] In any event, Cui did *not* demonstrate she was prima facie eligible for adjustment at the time of her merits hearing, because her marriage to her U.S. citizen husband occurred *after* her removal had been ordered. *Cf. Malilia v. Holder*, 632 F.3d 598, 600–01 (9th Cir. 2011) (determining a petitioner had established prima facie eligibility "to apply for an adjustment of status had the continuance been granted" because "[w]hile *removal proceedings were pending*, [petitioner] married . . . a United States citizen, who immediately filed an I-130 Adjustment of Status Application on [petitioner's] behalf" (emphasis added)).

continues to retain her arguably ineffective counsel before our court on appeal. Because we are limited to reviewing the arguments made in the briefs, we conclude both that the BIA did not abuse its discretion in determining Cui did not timely file a motion to reopen, and that the BIA did not commit legal error in declining to sua sponte reopen her removal proceedings.

**PETITION DENIED**.

---

PAEZ, Circuit Judge, concurring in part and dissenting in part:

I disagree with the majority's determination that the BIA did not abuse its discretion by refusing to rule on Cui's July 30, 2014 motion to reopen. In my view, the BIA erroneously determined that the motion was not timely filed in the immigration court. There was no legal basis for an immigration court clerk to reject Cui's timely motion to reopen as having been filed in the wrong court. In so doing, the clerk prevented Cui from vindicating her statutory right to move to reopen her in absentia order of removal. The BIA also erred by denying sua sponte reopening because that decision was tainted by its incorrect determination that Cui failed to timely move to reopen her in absentia order. I would grant the petition for review and remand for consideration of the merits of Cui's 2014 motion to reopen.[1]

---

[1] I concur in the majority's denial of the petition as to Cui's arguments about the propriety of her 2016 Motion to Reopen.

## I.  The BIA abused its discretion in determining that Cui's July 30, 2014 motion to reopen was not timely.

An application for relief from removal may challenge an in absentia removal order by filing "a motion to reopen . . . within 180 days after the date of the order of removal if the [applicant] demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). The BIA has interpreted this provision to require an applicant to exhaust relief by filing a motion to reopen with an immigration judge ("IJ") before appealing to the BIA. *In re Guzman-Arguera*, 22 I. & N. Dec. 722, 723 (BIA 1999).

An IJ ordered Cui removed in absentia on March 4, 2014, so her 180-day window to file a motion to reopen with the IJ closed on August 31, 2014. Cui sought to comply with the statutory and BIA requirements by timely filing a motion to reopen with the IJ on July 30, 2014, articulating the exceptional circumstances that prevented her from appearing. The immigration court, however, rejected her motion because a court clerk determined that the immigration court was the "*incorrect filing location*."**[2]**

---

**[2]** I agree with the parties and the majority opinion that the form checklist rejecting Cui's motion was *not* completed by an immigration judge. There is no evidence than an immigration judge *ever* reviewed Cui's 2014 motion to reopen. In the absence of evidence identifying who completed this form checklist, the BIA majority refers to the rejection by the "Immigration Court" (as distinct from the IJ). The government's answering brief and the majority opinion assume the checklist was completed by an immigration court clerk. Maj. Op. 13–15. For consistency with the majority opinion, I also refer to the individual who completed the form checklist as an immigration court clerk.

The court clerk's rejection of the motion for this reason was wrong as a matter of law. The BIA majority noted as much when it returned Cui's April 2014 appeal of the IJ's in absentia order. It stated that the proper course of action was for Cui to file "a motion to reopen with the Immigration Judge in accordance with . . . 8 U.S.C. § 1229a(b)(5)(C)." Cui did just that on July 30, 2014. But her motion was wrongly rejected by an immigration court clerk. As BIA Member Wendtland, dissenting from the BIA's denial of Cui's 2014 motion to reopen, observed,

> Indeed, the rationale for the Immigration Judge's rejection of the filing was questionable, since she relied mainly on a finding that the Board was the proper filing location in view of the respondent's appeal to us, but we subsequently remanded upon a determination that the proper forum for challenging the in absentia order was the Immigration Court.[3]

Rather than account for the immigration court clerk's error, the BIA sidestepped the issue, suggested the clerk's decision was *unreviewable*, and in so doing, placed Cui in an impossible bureaucratic Catch-22 and then faulted her for failing to find a way out. The BIA reasoned that Cui's July 30, 2014 motion to reopen

---

[3] Even the government acknowledges the immigration court clerk's erroneous rationale for rejecting Cui's motion to reopen in its answering brief. Ans. Br. 21 ("[A]lthough the immigration clerk also checked a box stating that the immigration court was not, at that time, the correct filing location due to the pending Board appeal, that statement may have been incorrect.").

was not accepted for filing due to the listing of a different attorney from the respondent's counsel of record and the pendency of the respondent's appeal before the Board. Thus, because this motion never became part of the record until the respondent presented it with her appeal, it is understandable that the Immigration Judge did not reference it in the decision under review.

In effect, the BIA asserted that because the immigration court rejected the motion to reopen for filing, it was not part of the record on appeal. The BIA's analysis ended there. The BIA did not state *how* the filing could be subject to appellate review. It did not address whether the immigration court clerk *correctly* rejected the filing. And the BIA provided no justification for its *refusal to address the propriety* of the immigration court clerk's rejection of the motion. Yet, at the same time, the BIA admonished Cui that she was *required* to file her motion to reopen with the IJ. Thus, under the BIA's own stated reasoning and logic, the immigration court clerk's rejection of Cui's motion because the immigration court was "the incorrect filing location" was clearly wrong. The BIA treated the immigration court's legally erroneous rejection of Cui's timely-filed July 30, 2014 motion to reopen as unreviewable, but simultaneously faulted her for failing to timely-file a motion to reopen with the immigration court and, on that ground, rejected all of Cui's arguments for relief.

The majority gives three reasons for finding the BIA's decision proper. None of them, however, have any support in law.

*First*, the majority posits that Cui's motion to reopen was deficient because it "did not explain what 'extraordinary circumstances' prevented Cui (or, more importantly, her attorney) from appearing at the merits hearing." Maj. Op. 13 n.2. Cui's motion plainly provides an account of the circumstances that prevented her from appearing and her communication with her counsel prior to the scheduled hearing. Regardless, the question presented in this appeal is not about the merits of the motion, but whether the filing was lawfully rejected. Cui's filing was not rejected on this basis.

*Second*, the majority asserts that the immigration court's error in rejecting the filing for improper location was actually Cui's fault because, "as the court clerk noted, there was an (improper) appeal pending, so it was understandable" for the immigration court clerk to reject Cui's filing for lack of jurisdiction. Maj. Op. 14 n.4. There are several problems with the majority's reasoning. First, the majority relies on facts not in the record. There is no evidence that the "court clerk noted" that "there was an (improper) appeal pending." *Id.* The only record evidence related to the rejection of Cui's filing appears on a form checklist. The form included a checkbox marked next to the following entry:

> Incorrect Filing Location (Case at BIA) –
> This Immigration Court is not, at this time,
> the correct filing location. Our records
> indicate that the Board of Immigration
> Appeals is the correct filing location.

Contrary to the majority's representation, there is no language in the form checklist or anywhere in the record indicating that the immigration court clerk determined that "there was an (improper) appeal pending" or that the IJ had been divested of jurisdiction. Maj. Op. 14 n.4. Indeed, the

form checklist was a document with no binding legal force. In particular, the "Incorrect Filing Location" entry that was marked lacks reference to *any* source of authority justifying the rejection on that basis. Notably, the "Incorrect Filing Location" reason for rejection does not even include a citation to the nonbinding Immigration Court Practice Manual (as most of the other entries on the form checklist do). But even if the checklist entry *did* include a citation to the Immigration Court Practice Manual, the checklist entry still could not stand for the proposition that the court clerk determined the court had been divested of jurisdiction, as the majority opinion implies, because there *is no legal basis* for an immigration court clerk to make determinations affecting the immigration court's jurisdiction. Dep't of Justice, *Immigration Court Practice Manual*, § 1.1(c) (2020), https://www.justice.gov/eoir/page/file/1258536/download ("The manual does not extend or limit the jurisdiction of the Immigration Courts as established by law and regulation.").

Second, even if the form checklist implied what the majority suggests it does—that the immigration court clerk determined that the IJ lacked jurisdiction and, therefore, the immigration court could reject Cui's filing—the majority's reasoning *still* impermissibly relies on an invented fiction: the BIA did not affirm the rejection of the filing on this ground. *Navas v. INS*, 217 F.3d 646, 658 n.16 (9th Cir. 2000) ("[T]his court cannot affirm the BIA on a ground upon which it did not rely."). In fact, the BIA did not address, defend, justify, or affirm the propriety of the immigration court clerk's rejection of Cui's filing *at all*.

Instead, the BIA accepted the fact of the rejected filing without any analysis, insulating the court clerk's rejection of Cui's filing from any review. However, neither the majority nor the BIA cite any *legal* basis for the court clerk's authority

to make a legally *wrong*, yet *unreviewable* decision to refuse to file Cui's motion. There is simply no support for the BIA's view that an unnamed, unidentified immigration court clerk had unchecked authority to reject any filing for any reason, and in turn, to restrict Cui's ability to access the immigration court's lawful jurisdiction over her removal proceedings.

*Third*, and finally, the majority faults Cui because she "did not attempt to refile the July 2014 motion to reopen by the 180-day statutory deadline." Maj. Op. 134. This appears to be a point about exhaustion of administrative remedies, although the majority provides no authority to explain its reasoning and, again, there is no basis for the majority to invoke this justification because the BIA did not rely on this reasoning. *Navas*, 217 F.3d at 658 n.16. Moreover, there is no indication that re-filing would have changed anything here. Although Cui could have rectified the first technical reason for rejecting her motion through refiling—the need for a motion to substitute counsel—there is nothing Cui could have done to overcome the clerk's erroneous determination that the immigration court was the "incorrect filing location." "It is axiomatic that one need not exhaust administrative remedies that would be futile or impossible to exhaust." *Singh v. Ashcroft,* 362 F.3d 1164, 1169 (9th Cir. 2004).

Thus, by locking Cui into a bureaucratic Catch-22 and then faulting her for failing to escape, the BIA abused its discretion. Its decision was "arbitrary, irrational," and "contrary to law." *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004) (citation omitted). The BIA's unreasoned stamp of approval on the immigration court's improper rejection of Cui's motion to reopen is inconsistent with statutory and regulatory provisions, and its own precedent, *see* 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii);

*In re Guzman-Arguera*, 22 I. & N. Dec. at 723, and irrationally contradicts the BIA's own reasoning elsewhere in this case.[4]

## II. Considering the BIA's erroneous determination that Cui's July 30, 2014 motion was untimely, its reasoning for rejecting her motion for sua sponte reopening was legal error.

This court may only exercise jurisdiction over BIA decisions denying sua sponte reopening "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Because the reasoning underlying the BIA's denial of sua sponte reopening was tainted by its erroneous determination that Cui's 2014 motion to reopen was untimely, the BIA also erred in denying sua sponte reopening.[5]

---

[4] The majority takes issue with this reference to *Guzman-Arguera*. Maj. Op. 18 n.7. As previously noted, *In re Guzman-Arguera* requires an applicant to challenge an in absentia removal order by filing a motion to reopen with an immigration judge, 22 I. & N. Dec. at 723. In that case, Guzman-Arguera had failed to file a motion to reopen with the immigration court altogether. *Id.* Here, Cui attempted to comply with *Guzman-Arguera* but was thwarted because the immigration court clerk improperly rejected her motion to reopen, precluding an immigration judge from ruling on it.

[5] The majority incorrectly concludes that the BIA's decision on sua sponte reopening lies beyond the bounds of this court's review because the decision was discretionary. Maj. Op. 21. This is incorrect. While the BIA *could* have relied on its discretionary authority to deny sua sponte reopening of Cui's case, it did not. Instead, the BIA provided legal reasoning to justify its denial. Those reasons are properly before this court for review. *Bonilla*, 840 F.3d at 588.

The BIA observed that the sole basis for sua sponte reopening was that "the visa petition of [Cui's] husband was approved over 2 years after she was ordered removed." The BIA reasoned that in light of "these circumstances and the lack of any showing that the respondent was prevented from properly filing a motion to reopen within the required time frame, we uphold the ruling that the respondent has not shown that sua sponte reopening is warranted." In support of its decision, the BIA cited *INS v. Rios-Pineda*, 471 U.S. 444, 450–51 (1985) for the proposition that "equities obtained after the entry of a final deportation order do not create substantial equities," and *Matter of G-D-*, 22 I. & N. Dec. 1132, 1133–34 (BIA 1999) for the proposition that sua sponte reopening is "reserved for truly exceptional situations."

However, because the BIA's legal analysis was predicated on its erroneous conclusion that Cui's July 30, 2014 motion to reopen her in absentia order of removal was untimely, the BIA's reasoning was legally erroneous.

First, because Cui's July 30, 2014 motion to reopen *was,* in fact, timely filed, and has yet to be adjudicated by an IJ, her in absentia order of removal is not final. *See* 8 U.S.C § 1229a(b)(5)(C) ("The filing of the Motion to Reopen described in [§ 1229a(b)(5)(C)((i) and (ii)] shall stay the removal of the [applicant] pending disposition of the motion by the immigration judge."); 8 C.F.R. § 1003.23(b)(4)(ii). Thus, the BIA's application of law to determine that Cui's visa petition was "approved over 2 years after she was ordered removed" and was, thus, not entitled to much weight in its equities analysis, was incorrect.

Second, the BIA incorrectly assumed that Cui failed to "properly fil[e] a motion to reopen within the required time

frame," and thus had not shown her situation was a "truly exceptional situation[]" under *Matter of G-D-*.

Thus, the BIA's legal reasoning for denying sua sponte reopening was predicated on its mistaken determination that Cui's July 30, 2014 motion to reopen was not properly filed. The BIA's legal reasoning does not hold up when its mistake is corrected. The BIA legally erred in denying sua sponte reopening.

\* \* \*

In my view, the BIA abused its discretion by refusing to rule on Cui's July 30, 2014 motion to reopen because it erroneously determined that the motion was not timely filed in the immigration court. The BIA further erred by denying sua sponte reopening because its decision was tainted by its reliance on that incorrect determination. Therefore, I would grant the petition and remand for a merits determination of Cui's 2014 motion to reopen.