**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO ORTIZ MENDOZA, | No. 20-70710 |
| Petitioner, | Agency No. A028-534-455 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2022**
Seattle, Washington

Before: HAWKINS and BUMATAY, Circuit Judges, and SEEBORG,*** District Judge.

Julio Ortiz Mendoza petitions for review from a Board of Immigration

Appeals' ("BIA") decision denying his motion to reopen. We review the denial of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard Seeborg, Chief United States District Judge for the Northern District of California, sitting by designation.

a motion to reopen for an abuse of discretion. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. The BIA did not abuse its discretion in denying Ortiz Mendoza's motion to reopen for failure to establish exceptional circumstances. Ortiz Mendoza failed to appear for an April 2000 hearing, and an immigration judge ordered him removed *in absentia*. It was not until February 2018 when Ortiz Mendoza moved to reopen and rescind the *in absentia* removal order. Generally, a motion to reopen must be filed "within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i); *see also Cui v. Garland*, 13 F.4th 991, 996 (9th Cir. 2021).[1]

Ortiz Mendoza argues that the BIA abused its discretion by failing to find exceptional circumstances based on the medical illnesses of his wife and children.[2]

---

[1] Ortiz Mendoza's removal proceedings commenced prior to the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), so we analyze the "exceptional circumstances" question under the pre-IIRIRA rules rather than the current ones. *See Chete Juarez v. Ashcroft*, 376 F.3d 944, 947 (9th Cir. 2004).

[2] We reject the government's argument that Ortiz Mendoza waived his challenge to the "exceptional circumstances" issue by referring to the current standard set out in 8 U.S.C. § 1229a(e)(1), rather than the pre-IIRIRA standard. Waiver applies when a petitioner makes no "substantive argument" concerning an issue. *See Cui*, 13 F.4th at 999 n.6. Here, Ortiz Mendoza raised a substantive argument by attacking the BIA's exceptional circumstances decision, albeit under the current version of the statute.

We disagree. The BIA specifically addressed Ortiz Mendoza's medical evidence. While the BIA acknowledged that Ortiz Mendoza's wife and children suffered from medical illnesses at the time of his removal hearing, it concluded that none of the evidence demonstrated that Ortiz Mendoza's absence from immigration court proceedings was *caused* by the illnesses. Accepting Ortiz Mendoza's assertions as true, *see Bhasin v. Gonzales*, 423 F.3d 977, 986–87 (9th Cir. 2005), they do not provide an adequate explanation for why he missed his removal hearing. For example, Ortiz Mendoza states that his son suffered from a debilitating seizure disorder pre-dating his removal proceeding. While his son's illness may require special assistance and support, Ortiz Mendoza does not show that he was unable to attend the hearing because of his son's condition. Ortiz Mendoza's evidence regarding other family members is similarly unavailing since he makes no connection between their conditions and his absence at the immigration court hearing.

Indeed, the evidence in the record undercuts any claim that his family's medical conditions caused his absence. The record shows that Ortiz Mendoza was working at different farms in California and did not learn about the *in absentia* order until he returned from California. Based on this record, it was not an abuse of discretion to reject Ortiz Mendoza's claim that his family's medical conditions were an "exceptional circumstance" that caused his absence.

3

2.  Because the BIA did not abuse its discretion in denying the motion to reopen on exceptional circumstances, we do not address Ortiz Mendoza's other contentions on appeal.

**DENIED.**