**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ZHICAI JIN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-595

Agency No.
A205-775-885

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2023[**]
San Francisco, California

Before: BEA, BENNETT, and H.A. THOMAS, Circuit Judges.

Zhicai Jin petitions for review of an order of the Board of Immigration

Appeals (BIA) affirming the decision of an Immigration Judge denying his

claims for asylum and withholding of removal. We have jurisdiction under

8 U.S.C. § 1252(a)(1). We deny the petition.

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Where, as here, the BIA "conducts its own review of the evidence and law," our review is limited to its decision. *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022) (quoting *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013)). We review the agency's factual findings for substantial evidence, meaning that the agency's findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217–18 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020)); 8 U.S.C. § 1252(b)(4)(B).

1. "To be eligible for asylum, a petitioner must demonstrate a 'well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Salguero Sosa*, 55 F.4th at 1218 (quoting *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021)). "A petitioner can satisfy this burden by showing past persecution, which gives rise to a rebuttable presumption of future persecution." *Id.*

Although the record shows that Jin suffered mistreatment at the hands of Chinese police after protesting the planned demolition of his neighborhood, substantial evidence supports the BIA's determination that the mistreatment did not rise to the level of persecution. *See, e.g.*, *Sharma*, 9 F.4th at 1058 (no past persecution where the petitioner was beaten, slapped, forced into a van, threatened, and pushed around); *Gu v. Gonzales*, 454 F.3d 1014, 1017–18 (9th Cir. 2006) (no past persecution where police detained petitioner for three days, struck him ten times in the back with a rod, and ordered him to report back

regularly to the police station); *Al-Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir. 2001) (no past persecution where the petitioner was detained for five or six days, but was not "beaten, tortured, or threatened" during the course of the detention). And Jin makes no argument that he has a well-founded fear of future persecution except to point to his past mistreatment. Accordingly, Jin's petition is denied with respect to his asylum claim.

2. Although Jin also petitions for review of the BIA's denial of his claim for withholding of removal, he fails to address this claim in his opening brief. This claim is therefore forfeited. *See Cui v. Garland*, 13 F.4th 991, 999 n.6 (9th Cir. 2021).

**DENIED.**