NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 2 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTONIO RAMIREZ RAMIREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-920

Agency No.
A087-046-957

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 29, 2024**
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Antonio Ramirez Ramirez (Ramirez), a native and citizen of Mexico, petitions

for review of a Board of Immigration Appeals (BIA) decision denying his motion to

reconsider a previous BIA decision denying Ramirez's untimely motion to reopen

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal proceedings *sua sponte*. "[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016), *as amended*. If the BIA's decision is free of legal or constitutional error, "this court will have no jurisdiction to review the *sua sponte* decision . . . ." *Id.* We dismiss Ramirez's petition for lack of jurisdiction.

The BIA denied Ramirez's motion to reopen and subsequent motion to reconsider because Ramirez failed to show that his case qualified as an exceptional situation warranting *sua sponte* reopening under 8 C.F.R. § 1003.2(a). That decision is discretionary, *see Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020), and does not reflect any legal or constitutional error that we have jurisdiction to review. As we have explained, the scope of our ability to review a denial of a motion to *sua sponte* reopen immigration proceedings "is limited to those situations where it is obvious that the agency has denied sua sponte relief not as a matter of discretion, but because it erroneously believed that the law forbade it from exercising its discretion or that exercising its discretion would be futile." *Id.* at 1234 (citations omitted).

Neither of these circumstances is present here. While Ramirez argues that the BIA erred in concluding that the vacatur of his convictions did not qualify as an exceptional situation warranting *sua sponte* reopening, he identifies no colorable legal or constitutional error in the BIA's decision. Ramirez's further contention that

the BIA made factual errors concerning his lack of diligence is similarly unreviewable. The BIA's consideration of Ramirez's diligence does not suggest that the BIA "misconstrue[d] the parameters of its sua sponte authority based on legal or constitutional error," such that its decision becomes reviewable. *Id.* at 1237.

In short, the decision to deny Ramirez's motions was an exercise of the BIA's discretion and did not rely on an incorrect legal conclusion. *See Cui v. Garland*, 13 F.4th 991, 1001 (9th Cir. 2021) ("[I]n exercising its discretionary authority, the Court finds that the BIA did not 'rel[y] on an incorrect legal premise' in declining to sua sponte reopen [petitioner's] case." (quoting *Bonilla*, 840 F.3d at 588)). We lack jurisdiction to review the Board's decision as a result.

**PETITION DISMISSED.**