NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HANWEI WU,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2458

Agency No.
A097-358-685

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2025[**]
Pasadena, California

Before: SCHROEDER, MILLER, and DESAI, Circuit Judges.

Hanwei Wu, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") denial of his second motion to reopen, as both

time- and number-barred under 8 U.S.C. § 1229a(c)(7) and 8 C.F.R.

§ 1003.2(c)(2). Wu contends he is entitled to equitable tolling, but does not

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

explain his 16-year delay in filing the motion. His assertions of ineffective assistance of counsel are essentially the same as those asserted in his first motion to reopen, which the BIA denied as untimely because it was filed 14 years after the denial of asylum and withholding, and Wu had not justified equitable tolling. *See Bonilla v. Lynch*, 840 F.3d 575, 582 (9th Cir. 2016) (holding that a petitioner must demonstrate "due diligence in discovering [his attorney's] deception, fraud, or error" to qualify for equitable tolling (quoting *Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011))).

The BIA also declined to reopen sua sponte under 8 C.F.R. § 1003.2(a), concluding that Wu's marriage and potential eligibility for adjustment of status were not exceptional circumstances warranting its exercise of discretion. Wu does not identify any legal or constitutional error in the BIA's reasoning, so we lack jurisdiction to review its decision. *See Cui v. Garland*, 13 F.4th 991, 1001 (9th Cir. 2021) ("We may only exercise jurisdiction over BIA decisions denying sua sponte reopening 'for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.'" (quoting *Bonilla*, 840 F.3d at 588)).

**PETITION DENIED in part and DISMISSED in part.**