NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ALFREDO SEBASTIAN-ROJO, | No. 24-89 |
| Petitioner, | Agency No. A097-340-360 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2025**

Before: SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Jose Alfredo Sebastian-Rojo, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

withholding of removal and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

The BIA did not err in its conclusion that Sebastian-Rojo waived any challenge to the IJ's dispositive determination that he did not establish a nexus to a protected ground. *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019) (no error in BIA's waiver determination); *see also Cui v. Garland*, 13 F.4th 991, 999 n.6 (9th Cir. 2021) (issue raised in statement of the case but not in substantive argument was forfeited). Thus, Sebastian-Rojo's withholding of removal claim fails.

The BIA did not err in its conclusion that Sebastian-Rojo waived any challenge to the IJ's denial of his CAT claim. *See Alanniz*, 924 F.3d at 1068-69; *Marinez-Serrano*, 94 F.3d at 1259.

In light of this disposition, we do not reach Sebastian-Rojo's remaining contentions regarding his withholding of removal or CAT claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**

2