**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR URIAS-MENDEZ, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-1037 Agency No. A205-593-552 MEMORANDUM* |

| | |
|---|---|
| EDGAR URIAS-MENDEZ, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-1283 Agency No. A205-593-552 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Edgar Urias-Mendez, a citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion. *Cui v. Garland*, 13 F.4th 991, 995 (9th Cir. 2021). We deny the petition. Because the parties are familiar with the facts, we need not recount them here.

Even assuming Urias's motion had been timely, the BIA appropriately found he did not comply with the procedural requirements for asserting ineffective assistance of counsel under *Matter of Lozada,* 19 I&N Dec. 637 (BIA 1988). Urias does not dispute this finding.

While procedural requirements can be excused where ineffective assistance is obvious on its face, the BIA was within its discretion to find Urias did not allege ineffective assistance at all. Urias does not directly deny that he asked his former counsel to withdraw his appeal, or that he sent two pro se letters asking to withdraw because he "would like to get out of jail as soon as possible." He argues former counsel "should have better informed him" of other potential relief from detention and the consequences of withdrawing his appeal, while admitting that withdrawal was "[o]ne option presented" to him, and that "the stress of being confined narrowed his focus into one goal[:] being released from DHS custody." The difficulty of making decisions while in custody does not make counsel's

assistance ineffective.

Urias's alleged due process challenges similarly do not warrant reopening. First, the January 2021 BIA decision deeming Urias's appeal withdrawn, which Urias stated he had not received, was reissued as he requested. Second, the BIA did consider Urias's argument that the withdrawal of his appeal was tactical, by finding his former counsel's actions were not ineffective on their face and rather counsel "made the tactical decision to withdraw the appeal at the respondent's request to facilitate a quicker release from detention." The BIA did not abuse its discretion in denying the motion to reopen.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**