**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>MARVIN MARTINEZ ALQUIJAY,<br><br>          Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>          Respondent.</td><td>No.   20-70470<br><br>Agency No. A088-709-286<br><br><br>MEMORANDUM[*]</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2022[**]
Pasadena, California

Before: IKUTA, NGUYEN, and OWENS, Circuit Judges.

Marvin Estuardo Martinez Alquijay seeks review of a decision of the Board

of Immigration Appeals (BIA) affirming the decision of an immigration judge (IJ)

denying his applications for asylum, withholding of removal, and voluntary

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

departure.[1]  We have jurisdiction under 8 U.S.C. § 1252.  Because the BIA

conducted its own review of the evidence and law, "our review is limited to the

BIA's decision, except to the extent the IJ's opinion is expressly adopted."

*Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012) (cleaned up).[2]

The BIA did not err in denying Martinez Alquijay's claim for withholding of

removal.  The BIA's determination that Martinez Alquijay did not suffer past

persecution was supported by substantial evidence, given that Martinez Alquijay

testified that he was not threatened directly by the union protestors,[3] nor personally

confronted or attacked by any of the protestors.  Martinez Alquijay's testimony

that the protestors threatened the leader of his union (and later killed him after

Martinez Alquijay had left Guatemala), does not establish that Martinez Alquijay

himself suffered past persecution.  *See Wakkary v. Holder*, 558 F.3d 1049, 1060

(9th Cir. 2009).

---

[1]In his brief on appeal, Martinez Alquijay failed to make any argument in support of his claim for relief under the Convention Against Torture.  Therefore, this issue is deemed waived.  *See Cui v. Garland*, 13 F.4th 991, 999 n.6 (9th Cir. 2021).

[2] We address Martinez Alquijay's challenge to the BIA's denial of his claim for asylum in a concurrently filed opinion.  ___ F. 4th ___ (9th Cir. 2022).

[3] We disregard his attorney's statements to the contrary on appeal, because they are unsupported by the record.

Further, the BIA's determination that Martinez Alquijay did not establish a clear probability of future persecution was supported by substantial evidence. Although the leader of his union was killed in 2007, Martinez Alquijay did not present evidence to show that, as a union secretary who was never directly threatened, he was more likely than not to face an individualized risk of harm if he returned to Guatemala. *See Aden v. Wilkinson*, 989 F.3d 1073, 1086 (9th Cir. 2021). Nor did Martinez Alquijay establish that his union was still in existence, or that he would rejoin a union if he returned to Guatemala. The deaths of Martinez Alquijay's cousin and aunt did not support his claimed fear of future persecution, because neither of these relatives was a union member, and the motives and identities of their killers were unknown. Therefore, Martinez Alquijay's claims are "too speculative to be credited as a basis for fear of future persecution," *Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021) (citation omitted).

The IJ denied Martinez Alquijay's request for voluntary departure as a matter of discretion based on his two convictions for driving under the influence, and the BIA affirmed on this basis. We lack jurisdiction to review this exercise of discretion. *See* 8 U.S.C. § 1229c(f); *id.* § 1252(a)(2)(B); *see also Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013).

**PETITION DENIED.**

3