NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL BANUELOS-HERNANDEZ, AKA Daniel Banueloshernande, AKA Daniel Hernandez Banuelos,<br><br>           Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>           Respondent. | No.   17-72730<br><br>Agency No. A205-319-846<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2023[**]
Pasadena, California

Before: BOGGS,[***] IKUTA, and DESAI, Circuit Judges.

Petitioner Daniel Banuelos-Hernandez, a native and citizen of Mexico,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

petitions for review of the Board of Immigration Appeals' ("BIA") order denying his untimely motion to reopen removal proceedings. Mr. Banuelos-Hernandez seeks asylum, withholding of removal, and withholding of removal under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. For the following reasons, we deny the petition.

The court reviews the BIA's denial of a motion to reopen for an abuse of discretion. *Cui v. Garland*, 13 F.4th 991, 995 (9th Cir. 2021). An agency abuses its discretion only if it acts arbitrarily, irrationally, or contrary to the law. *Id.* at 995–96. We review the BIA's factual findings, including its determinations that an individual is not eligible for asylum, withholding of removal, or withholding under the CAT, for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060, 1067 (9th Cir. 2021). Under that standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) (quoting 8 U.S.C. § 1252(b)(4)(B)). When the BIA relies on the immigration judge's ("IJ") reasoning, we review both decisions. *Hernandez v. Garland*, 47 F.4th 908, 912 (9th Cir. 2022). The court's review is limited to the grounds relied upon by the agency. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). Because substantial evidence supports the BIA's factual findings and the BIA did not abuse its discretion in rejecting Mr. Banuelos-Hernandez's motion to reopen, we deny his petition for review.

Mr. Banuelos-Hernandez asserts that changed country conditions justify an exception to the timeliness requirements for his motion to reopen and asylum application. Typically, a motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal." 8 C.F.R. 1003.23(b)(1). Mr. Banuelos-Hernandez filed his motion to reopen sixteen months late.

To qualify for an exception to the timeliness requirements, a petitioner must present evidence demonstrating material changes to country conditions arising in the country to which removal has been ordered, that such evidence was not available and could not have been discovered or presented at the previous proceeding and that, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought. 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. 1003.23(b)(4)(i); *Feng Gui Lin v. Holder*, 588 F.3d 981, 986 (9th Cir. 2009). Whether the circumstances justifying an exception to a time limitation exist is a factual determination reviewed for substantial evidence. *See Najmabadi*, 597 F.3d at 991.

The BIA did not err when it found that country conditions in Mexico in 2017 were not materially different from those existing at the time of Mr. Banuelos-Hernandez's 2015 hearing and that he therefore does not qualify for exceptions to the timeliness requirements. First, the evidence submitted by Mr. Banuelos-Hernandez was not new or previously unknowable. The assaults and harassment

3

perpetrated by the cartels against Mr. Banuelos-Hernandez and his family before he left Mexico in 2004 were known to him in 2015 and cannot constitute a changed circumstance. Furthermore, the reports and articles that accompanied his motion contain information that was accessible at the time of his removal hearing.[1]

Furthermore, the Board did not err when it found that the newly submitted evidence was not material to Mr. Banuelos-Hernandez's claims. For evidence to be material to withholding and asylum claims, it must demonstrate an increased likelihood of persecution on a protected ground and cannot simply "recount generalized conditions" that fail to demonstrate that the petitioner's "predicament is appreciably different from the dangers faced by [his] fellow citizens." *Najmabadi*, 597 F.3d at 990 (quotation omitted). The evidence presented by Petitioner is that of generalized conditions that have no specific relevance to Mr. Banuelos-Hernandez or to his claims. This is insufficient to prove that country conditions have materially changed. *See id.* at 989–90 (denying relief where reports showed that the existing "poor human rights record" only worsened and the petitioner provided no examples of individual threats).

Mr. Banuelos-Hernandez also argues that he has established a prima facie case

---

[1] For example, the 2016 Human Rights Watch Report, while published after his August 2015 hearing, largely details events that occurred several years prior. Most of the 2015 Human Rights Country Report discusses progress on past or continuing violations. Neither report asserts that country conditions changed substantially between 2015 and 2017.

for asylum and withholding of removal. Both statutes require petitioners to establish that the persecution they face is motivated, at least in part, by their membership in a protected group. 8 C.F.R. § 1208.13(b)(2)(i)(A); 8 C.F.R. § 1208.16(b). The failure to do so is dispositive. *See Santos-Ponce v. Wilkinson,* 987 F.3d 886, 890 (9th Cir. 2021) (denying asylum because "the record does not contain evidence of a nexus between the alleged persecution and his membership" in his asserted social group).

Mr. Banuelos-Hernandez claims membership in the protected social groups of "individuals who have fled Mexico after refusing to join cartels" and "membership in the Banuelos-Hernandez family," but he fails to present evidence connecting these groups to any persecution he may face. First, Mr. Banuelos-Hernandez presented no evidence that cartels target individuals who fled Mexico after rejecting cartel recruitment upon their return. Nor do any of the country reports or articles state that cartels target individuals who return to Mexico after refusing to join. Second, while the Petitioner provided evidence that he, his brother, and his mother were assaulted, harassed, and threatened by the cartel, he does not demonstrate that they were targeted *because of* their family status. Thus, even if Mr. Banuelos-Hernandez succeeds in showing changed country conditions, he does not make a prima facie case for relief, as required to be eligible for a motion to reopen. 8 C.F.R. § 1003.23(b)(1).

Finally, Mr. Banuelos-Hernandez claims that he established a prima facie case

5

for relief under the CAT. To qualify for withholding under the CAT, a petitioner must show that they are more likely than not to experience severe pain and suffering by or with the consent or acquiescence of a public official. 8 C.F.R. §§ 1208.16(c), 1208.18(a)(1). Evidence of generalized violence will not sustain this burden. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that "Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard").

The record in this case supports the BIA's finding that Mr. Banuelos-Hernandez is not more likely than not to experience torture upon his return to Mexico. Petitioner has not demonstrated that anyone has threatened him or his family members for the past thirteen years. That there is a high level of impunity for gang members in Mexico is undisputed but that is insufficient to demonstrate the kind of individualized threat of torture required under the CAT. *Delgado-Ortiz*, 600 F.3d at 1152.

The BIA did not err when it found that Mr. Banuelos-Hernandez failed to demonstrate an excuse for untimeliness because he failed to show changed country conditions. Nor did it err when it refused to grant his motion to reopen because he did not establish a prima facie case for relief under any statute.

The petition for review is **DENIED.**