**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANBIRBAL SINGH,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-286<br><br>Agency No.    A216-183-915<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 06, 2023[**]
San Francisco, California

Before: FRIEDLAND and NELSON, Circuit Judges, and CARDONE,[***]
District Judge.

Ranbirbal Singh, a native and citizen of India, petitions for review of a

decision of the Board of Immigration Appeals ("BIA") upholding the

Immigration Judge's ("IJ") denial of his claim for asylum. We have jurisdiction

under 8 U.S.C. § 1252, and we deny the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

We review the agency's factual findings for substantial evidence. *See Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020); *see also Akosung v. Barr*, 970 F.3d 1095, 1102 (9th Cir. 2020) (reviewing the agency's conclusion about the safety of relocation for substantial evidence). Under that standard, we defer to the agency's findings of fact unless the record compels a contrary conclusion. *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020). When the BIA conducts its own review rather than simply adopting the IJ's decision, "our review 'is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)).

The BIA assumed without deciding that Singh established past persecution on account of a protected ground but denied his claim for asylum because it determined that the government demonstrated that he could safely and reasonably relocate within India outside of Punjab.[1] *See Deloso v. Ashcroft*, 393 F.3d 858, 863–64 (9th Cir. 2005) (citing 8 C.F.R. § 208.13(b)(1)(i), (ii)). Substantial evidence supports that conclusion.

---

[1] The BIA did not address whether Singh experienced past persecution at the hands the government or government-sponsored actors, noting that Singh did not challenge the IJ's finding that his attackers were neither and that this issue was therefore waived. Singh makes no substantive argument that the BIA erred in this waiver determination. Singh has thus forfeited any contention that he exhausted his administrative remedies on this issue, and we accordingly do not review his argument that the Congress Party workers who attacked him were government actors. *Cui v. Garland*, 13 F.4th 991, 999 n.6 (9th Cir. 2021); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

In considering whether Singh could safely relocate within India the BIA agreed with the IJ that Singh's past attackers were unknown assailants, and that he was able to stay in India for six weeks after his attack without facing further harassment from Congress Party members. The agency further found that although the police with whom Singh spoke did not help him, they did not take his picture or fingerprint, and Singh indeed testified that he has no reason to believe the police would seek him out elsewhere in India. The agency considered whether Singh's stated intent to continue his political activity would cause other individuals to harm him outside of Punjab, *see Singh v. Whitaker*, 914 F.3d 654, 661 (9th Cir. 2019), and concluded that country conditions evidence indicated that he would not be harmed if he expressed his views peacefully, and that Singh did not testify that he would engage in violent activity. The agency also pointed to country conditions evidence indicating that low-profile Mann Party members who expressed their views peacefully have been able to relocate successfully within India. The record therefore does not compel the conclusion that internal relocation would not be safe.

As for whether it would be reasonable to expect Singh to relocate, the agency considered Singh's age, education, ability to work, language skills, and successful move to the United States by himself. It noted that Punjab's neighboring state, Haryana, is home to many Sikhs and Punjab speakers, and it observed that Singh's family had the resources to assist him in relocating. Substantial evidence therefore supports the agency's determination that internal

relocation would be reasonable. *See* 8 C.F.R. § 1208.13(b)(3) (discussing factors the agency must consider in its reasonableness analysis); *Knezevic v. Ashcroft*, 367 F.3d 1206, 1214 (9th Cir. 2004) (same). We therefore deny Singh's petition for review of his asylum claim.[2]

**PETITION DENIED.**

---

[2] Singh's opening brief does not argue that the agency erred in denying his claim for withholding of removal, so that issue has been forfeited. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).