**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 31 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO MADRIGAL-BARRERA, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 19-71650 Agency No. A078-101-944 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 29, 2023[**]
Seattle, Washington

Before: NGUYEN and HURWITZ, Circuit Judges, and GUTIERREZ,[***] Chief District Judge.

Francisco Madrigal-Barrera, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") denying his

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Philip S. Gutierrez, Chief United States District Judge for the Central District of California, sitting by designation.

motion to reopen. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Madrigal contends that the immigration court did not have jurisdiction over his removal proceedings because the Notices to Appear ("NTA") issued in 2006 and 2011 failed to comply with the Immigration and Nationality Act and its implementing regulations. This claim fails because the statutory definition of an NTA "chiefly concerns the notice the government must provide noncitizens regarding their removal proceedings, not the authority of immigration courts to conduct those proceedings." *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192 (9th Cir. 2022) (en banc). And the relevant regulation, 8 C.F.R. § 1003.14(a), "is a claim-processing rule not implicating the court's adjudicatory authority." *Id.* at 1191. Moreover, the BIA did not err by failing to equitably toll.[1]

2. Madrigal argues that although he waived a hearing in 2006, the BIA's decision denying reopening stated that he "appeared in court." But that mistake does not render the BIA decision denying reopening "arbitrary, irrational or contrary to law." *See Cui v. Garland*, 13 F.4th 991, 995–96 (9th Cir. 2021) (citation omitted). The waiver did not deprive the immigration court of jurisdiction, *see* 8 C.F.R. § 1003.25(b), and we previously held that "the BIA did not err in concluding that there was no gross miscarriage of justice in the 2006 proceedings," *Madrigal-*

---

[1] Madrigal's claim for equitable tolling flows from his claim that the immigration court did not have jurisdiction, and therefore fails. Madrigal does not dispute the BIA's decision not to reopen *sua sponte*.

*Barrera v. Barr*, 770 F. App'x 395, 396 (9th Cir. 2019).

**PETITION FOR REVIEW DENIED**.