**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHABBIR AHMED FUAD, | No. 22-845 |
| Petitioner, | Agency No. A206-911-272 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2023**
San Francisco, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and BENNETT,***
Senior District Judge.

Petitioner Shabbir Ahmed Fuad ("Fuad"), a native and citizen of

Bangladesh, seeks review of the Board of Immigration Appeals' ("BIA's") denial

of his untimely motion to reopen proceedings. The central issue raised by this

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

petition is whether Fuad has presented evidence of changed country conditions that materially affect his eligibility for relief, as necessary to justify an exception to the 90-day filing deadline. We have jurisdiction under 8 U.S.C. § 1252(b), and we deny the petition for review.

Fuad entered the United States on October 8, 2014, and applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). At his merits hearing, he testified that he was a supporter of the Bangladesh National Party and that he had been attacked by members of a rival party, the Awami League. An Immigration Judge ("IJ") concluded that Fuad did not establish past persecution or a well-founded fear of future persecution, that he could safely relocate within Bangladesh, and that he had offered no evidence of government acquiescence. Accordingly, the IJ denied his application, the BIA upheld that denial, and this Court denied Fuad's petition for review. Six years later, Fuad filed a motion to reopen proceedings, offering evidence that that members of the Awami League had confronted and attacked his family members following the denial of his application. The BIA denied this motion after finding that Fuad's evidence failed to address the IJ's dispositive findings. Fuad now seeks review of that denial.

As Fuad filed his motion six years after his application was initially denied, he must show that changed country conditions materially affect his eligibility for relief. Ordinarily, a motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i).

2

This deadline does not apply to a motion to reopen "based on changed country conditions arising in the country of nationality." *Id.* § 1229a(c)(7)(C)(ii). As this Court outlined in *Agonafer v. Sessions*, "a petitioner must clear four hurdles" to establish this exception, requiring him to:

> (1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; (3) show that the evidence was not available and would not have been discovered or presented at the previous hearings; and (4) "demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought."

859 F.3d 1198, 1204 (9th Cir. 2017) (quoting *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008)); *accord Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

Fuad argues that conditions have changed in Bangladesh because his family has suffered additional threats and violence following the BIA's denial of his first application in 2015. Specifically, he offered evidence that members of the Awami League robbed his father's store in 2017, threatened his brother in 2019, threatened his wife in 2020, and assaulted his father in 2021. On three of these occasions, the assailants allegedly asked about Fuad's location and threatened to kill him. The BIA denied Fuad's motion after concluding that this new evidence did not "materially affect his eligibility for relief," as it failed to address many of the BIA's reasons for denying his initial application. We review

3

this decision for an abuse of discretion. *See Rubalcaba v. Garland*, 998 F.3d 1031, 1035 (9th Cir. 2021).

**Asylum and Withholding of Removal:** Fuad fails to meaningfully challenge the BIA's dispositive finding that he could relocate within Bangladesh to avoid persecution. To qualify for asylum or withholding of removal based on a reasonable fear of future persecution, the applicant must show that he could not reasonably relocate within the country of removal. 8 C.F.R. § 1208.13(b)(3)(iii); *Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021). In its first decision, the BIA found that Fuad failed to make this showing, as he suffered no harm at the hands of the Awami League after relocating to his in-laws' home elsewhere in Bangladesh.

Fuad offered no arguments or evidence addressing internal relocation in his motion to reopen. Although he stated, in the context of his CAT claim, that the Awami League "are now a ruling party in Bangladesh," the BIA deemed the relocation issue inadequately presented because Fuad offered no arguments regarding how this might impact the reasonableness of internal relocation.[1] As

---

[1] Whether the alleged persecution was committed by the governing party could affect the evaluation of the petitioner's claims. *See, e.g.*, *Kaur v. Wilkinson*, 986 F.3d 1216, 1228 (9th Cir. 2021) (holding that when a petitioner is persecuted by members "of a major political party . . . after its rise to power from a minority voting bloc in the legislature to the head of government, the source of the persecution is the government itself"); *Singh v. Whitaker*, 914 F.3d 654, 661 (9th Cir. 2019) (holding that the agency erred by failing to afford the petitioner a nationwide presumption of future persecution, given the petitioner's testimony that he suffered persecution at the hands of the government). However, Fuad has

Fuad makes no substantive argument that the BIA erred in this waiver determination, Fuad has forfeited any contention that he exhausted his administrative remedies on this issue.[2] *See Cui v. Garland*, 13 F.4th 991, 999 n.6 (9th Cir. 2021); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**Convention Against Torture:** Fuad has also forfeited any challenge to the denial of his claim for CAT protection. To qualify for relief under the CAT, the applicant must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal," *Hamoui v. Ashcroft*, 389 F.3d 821, 826 (9th Cir. 2004) (quoting 8 C.F.R. § 208.16(c)(2)), and that he or she would likely be "tortured with the consent or acquiescence of a public official," *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020); *see* 8 C.F.R. § 208.18(a)(1). In his motion to reopen, Fuad argued that the Awami League's ascension to power in Bangladesh indicates that he will be tortured with the consent or acquiescence of the government. He also claimed that the police refused to accept a report from his father after he was beaten by members of the Awami League. The BIA found this evidence insufficient to show that Fuad

---

pointed to no evidence that the Awami League ascended to power locally or nationally after the BIA's 2015 denial of his application.

[2] Nor can Fuad shift the burden of proof on this issue through a showing of past persecution. *See Singh*, 914 F.3d at 659 (holding that a showing of past persecution shifts the burden to the government to establish that the petitioner "can reasonably relocate internally to an area of safety"). Fuad did not argue past persecution in his motion to reopen, and the new incidents Fuad alleges do not compel a finding of past persecution in any event. *See, e.g., Halim v. Holder*, 590 F.3d 971, 975–76 (9th Cir. 2009); *Wakkary v. Holder*, 558 F.3d 1049, 1059–60 (9th Cir. 2009).

would be tortured with the consent or acquiescence of the government. As Fuad fails to challenge this reasoning in his petition for review in our court, he has forfeited further consideration of this issue. *See Mu v. Barr,* 936 F.3d 929, 936 (9th Cir. 2019).[3]

**PETITION DENIED.**

---

[3] In Fuad's statement of facts, he "respectfully urges this honorable Court to find that since AL cadres, who are the ruling party in the Government of Bangladesh, have continued to persecute him . . . that his claim for withholding of removal under the CAT should be reopened." However, Fuad offers no substantive arguments to support this assertion, and does not mention the CAT or rebut the BIA's findings anywhere in his analysis. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").