NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

HEYDI GISEL MEZA-VASQUEZ;
MAURICIO JOSEPH MARTINEZ-MEZA;
DAYANA GISSEL MARTINEZ-MEZA,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 19-72245

Agency Nos.
A206-735-261
A206-735-262
A206-735-263

MEMORANDUM*

---

HEYDI GISEL MEZA
VASQUEZ; DAYANA GISSEL
MARTINEZ MEZA; MAURICIO JOSEPH
MARTINEZ MEZA,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1074

Agency Nos.
A206-735-261
A206-735-263
A206-735-262

---

On Petition for Review of Orders of the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Board of Immigration Appeals

Submitted October 16, 2023**
Pasadena, California

Before: PAEZ and H.A. THOMAS, Circuit Judges, and RAKOFF, District Judge.***

Heydi Gisel Meza-Vasquez and her two derivative applicant children, Mauricio Joseph Martinez-Meza and Dayana Gissel Martinez-Meza (together, Petitioners), petition for review of two decisions of the Board of Immigration Appeals (BIA). Petitioners are citizens of Honduras. They first petition for review of a BIA decision dismissing their appeal from an order of an immigration judge (IJ) denying their applications for asylum, withholding of removal, and relief under the Immigration and Nationality Act and the Convention Against Torture (CAT); and second petition for review of a BIA decision denying their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We deny the petitions for review.

1.      Petitioners do not challenge the BIA's determination that they failed to show that any persecution "was committed by the [Honduran] government, or by forces that the government was unable or unwilling to control." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc) (quoting

---

**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***      The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

*Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010)). Their forfeiture of such an argument is dispositive of their claims for asylum and withholding of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013). In any event, substantial evidence—including Meza-Vasquez's own testimony that the Honduran police acted every time she filed a police report and ultimately arrested one of the individuals responsible for the threats she experienced in Honduras—supports the BIA's determination. *See Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) ("[A] country's government is not 'unable or unwilling' to control violent nonstate actors when it demonstrates efforts to subdue said groups." (citation omitted)); *cf. Bringas-Rodriguez*, 850 F.3d at 1063 (explaining that "evidence of how the police responded to the petitioner's requests for protection" is relevant to determine whether the government is unable or unwilling to control persecution).

2.      Substantial evidence therefore also supports the BIA's determination that Petitioners do not qualify for CAT relief, as they failed to demonstrate that a Honduran public official would acquiesce in Meza-Vasquez's torture. *See Umana-Escobar v. Garland*, 69 F.4th 544, 553 (9th Cir. 2023) (explaining that the government did not acquiesce to torture when it investigated and prosecuted the petitioner's family's persecutors); *cf. Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) ("To be eligible for relief under CAT, an applicant bears the

3

burden of establishing that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country.").

3.      The BIA did not err when it determined that Petitioners' claims were "not sufficient to establish that sua sponte reopening is warranted."[1] When the BIA denies sua sponte reopening, we have jurisdiction "for the limited purpose of reviewing the reasoning behind the decision[] for legal or constitutional error." *Cui v. Garland*, 13 F.4th 991, 1001 (9th Cir. 2021) (quoting *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016)). But Petitioners identify no such errors. Although Petitioners fault the BIA for failing to expressly describe their motion to reopen as "unopposed" even though the government did not file a response, *see* 8 C.F.R. § 1003.2(g)(3), they do not explain how this constitutes a legal error or why it excuses the untimeliness of their petition.

Petitioners also fault the BIA for characterizing the Special Immigrant Juvenile Status (SIJS) applications for Meza-Vasquez's children as "new relief" even though the applications were filed before the prior BIA decision. But this objection amounts to, at most, a factual dispute regarding the procedural timeline. Because Petitioners do not identify any legal or constitutional error, and we find

---

[1] On appeal, Petitioners do not challenge the BIA's denial of their motion to reopen as untimely. Such an argument is therefore forfeited. *See Lopez-Vasquez*, 706 F.3d at 1079–80.

4

none here, we lack jurisdiction to further review the BIA's denial of sua sponte reopening.

**PETITIONS DENIED.**