NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GORKY JAVIER GALEANO-LAGUNA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   21-785 <br><br> Agency No. A077-868-721 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 18, 2023
San Francisco, California

Before:  BEA, CHRISTEN, and JOHNSTONE, Circuit Judges.

Gorky Javier Galeano-Laguna ("Petitioner") petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal of the Immigration

Judge's ("IJ") final written decision, which ordered his removal to Nicaragua on the

grounds that he is (1) inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien

present in the United States who has not been lawfully admitted or paroled and (2)

---

*         This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II) as an alien convicted of a state law "relating to a controlled substance." The parties are familiar with the facts, so we discuss them here only where necessary. We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition.

We review the BIA's factual findings for substantial evidence and questions of law, including claims of due process violations, de novo. *Grigoryan v. Barr*, 959 F.3d 1233, 1239 (9th Cir. 2020). Where, as here, "the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012).

1.      While the BIA erroneously concluded that authentication of the 2004 Notice to Appear and Form I-213 was unnecessary to admit those documents to prove Petitioner's alienage, *see Iran v. Immigr. & Naturalization Serv.*, 656 F.2d 469, 472 (9th Cir. 1981), Petitioner failed to prove that he was prejudiced by this error, *Hernandez v. Garland*, 52 F.4th 757, 766 (9th Cir. 2022). The IJ relied on additional evidence in the record—the Form I-94 and the Form I-512—to conclude that Petitioner was a citizen of Nicaragua. The IJ found that both documents were properly authenticated under 8 C.F.R. §§ 287.6(a), 1287.6(a). Petitioner does not challenge whether these documents proved his alienage or whether they were properly authenticated under that rule. Thus, he has not demonstrated prejudice.

2

2.     The BIA did not err in finding that the IJ did not abuse his discretion by admitting into evidence state court records demonstrating that Petitioner was charged and then convicted of violating a law "relating to a controlled substance" and was therefore removable under 8 U.S.C. § 1182(a)(2)(A)(i)(II). Those documents—a copy of the criminal complaint, and an electronic docket report from Petitioner's state criminal case for possession of cocaine—were properly authenticated as certified copies of public records under Federal Rule of Evidence 902(4)(B). *See Iran*, 656 F.2d at 472 n.8. The Government attached to each document a certificate that attested to the document's authenticity. Fed. R. Evid. 902(4)(B). The certificates were signed by the Executive Clerk of the Superior Court of California, County of Los Angeles—the court where Petitioner was charged and convicted. *See* Fed. R. Evid. 902(1)(B). Both certificates bore the seal of that court. Fed. R. Evid. 902(1)(A). We therefore reject Petitioner's argument that these documents were not properly authenticated.[1] The IJ did not abuse his discretion by admitting them into evidence.

3.     Assuming that *Dent v. Holder*, 627 F.3d 365 (9th Cir. 2010), entitled Petitioner to his Alien File as a matter of due process, Petitioner failed to demonstrate

---

[1] Because this is Petitioner's only argument challenging his removability under 8 U.S.C. § 1182(a)(2)(A)(i)(II), we need not consider his challenge to the BIA's separate determination that he was also removable under 8 U.S.C. § 1182(a)(6)(A)(i).

that the BIA erred in finding that the IJ's denial of his Alien File request did not prejudice him, *id.* at 373. Petitioner advances only one cogent prejudice argument: that his Alien File may contain information explaining why his adjustment of status application took several years to process, which could give him a colorable due process argument against the Government. But "procedural delays, such as routine processing delays," of relief applications generally do not deny an alien due process unless he "has a 'legitimate claim of entitlement' to have [his] application[] [for relief from removal] adjudicated within a specified time." *Mendez-Garcia v. Lynch*, 840 F.3d 655, 666 (9th Cir. 2016) (quoting *Ruiz-Diaz v. United States*, 703 F.3d 483, 487 (9th Cir. 2012)). Petitioner cites no authority entitling him to a timelier processing of his adjustment of status application. *Id.* Thus, Petitioner did not prove that the denial of his Alien File prejudiced him.

4.      We agree with the BIA that Petitioner did not prove that the IJ violated due process by denying Petitioner the opportunity to present evidence on certain "crucial" issues. *See Grigoryan*, 959 F.3d at 1240. The record does not reflect that the IJ denied Petitioner the chance to present evidence of his lawful admission into the United States. Petitioner testified on his own behalf about this issue during his March 2020 merits hearing. Nor does the record suggest that the IJ prevented Petitioner from presenting evidence on (1) whether Petitioner received ineffective assistance of counsel during his prior removal proceedings and (2) whether the

4

Immigration and Customs Enforcement Immigration Detainer that the Department of Homeland Security served Petitioner in 2018 violated the Fourth Amendment. Petitioner presented evidence on both issues. Petitioner submitted an attorney misconduct complaint that he filed against his former immigration lawyer, and a copy of the allegedly unconstitutional Immigration Detainer.

5.      Assuming the IJ denied Petitioner the opportunity to present evidence (1) that his statements in the Form I-213 were coerced or (2) that the processing of his adjustment of status application from 2000 was delayed, Petitioner did not demonstrate "substantial prejudice." *Grigoryan*, 959 F.3d at 1240 (citation omitted). First, the Form I-213 was probative only of Petitioner's alienage. As explained, Petitioner does not dispute that other authenticated record evidence—the Form I-94 and Form I-512—independently established his alienage. Second, even if Petitioner presented evidence demonstrating that the processing of his adjustment of status application was delayed, this would not give rise to a colorable due process claim as explained above. *See Mendez-Garcia*, 840 F.3d at 666.

6.      Petitioner did not prove that the BIA erred in finding that the IJ properly denied his motion to recuse the IJ. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007). While the IJ characterized Petitioner's counsel's serial filings of continuance motions and termination requests as a delay tactic and as raising irrelevant issues, these comments "concerned [Petitioner's] attorney's conduct, not

5

[Petitioner] or the merits of his case." *Id.* at 927. They do not prove that the IJ "had a deep-seated favoritism or antagonism [against Petitioner] that would make fair judgment impossible." *Id.* at 926.

7.    Petitioner forfeited his argument that the IJ denied Petitioner due process by failing to inform him of his eligibility for relief from removal. *Cui v. Garland*, 13 F.4th 991, 999 n.6 (9th Cir. 2021). Petitioner's brief "makes no substantive argument" in support of this position beyond his conclusory statement that the IJ "pre-judged" Petitioner's eligibility for relief by finding him ineligible for asylum, withholding of removal, and adjustment of status. *Id.*; *see also Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

8.    The BIA did not abuse its discretion when it declined to consider the merits of Petitioner's challenge to the BIA's July 2015 remand order. The BIA "may address an argument by applying its default rules and explaining that it will not reach the merits" of the argument, which is what the BIA did here. *Honcharov v. Barr*, 924 F.3d 1293, 1296 n.2 (9th Cir. 2019). The BIA refused to consider the merits of Petitioner's challenge after construing it as an untimely motion to reconsider its 2015 remand order.

**PETITION DENIED.**