**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 8 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LORENA SERVELLON-HERNANDEZ; KENIA ALVARENGA-SERVELLON, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 24-390 <br><br> Agency Nos. <br> A220-602-323 <br> A220-960-266 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2024**
Phoenix, Arizona

Before: PAEZ, BERZON, and OWENS, Circuit Judges.

Lorena Servellon-Hernandez and her derivative beneficiary minor child,

Kenia Alvarenga-Servellon, natives and citizens of El Salvador, petition for review

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from the immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). "Where, as here, the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (citation omitted). "In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency." *Id.* "We review factual findings, including adverse credibility determinations, for substantial evidence." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. In denying the asylum and withholding of removal claims, the BIA relied solely on its affirmance of the IJ's adverse credibility determination. Before this court, Servellon-Hernandez fails to dispute the inconsistencies and lack of detail in her testimony that the agency relied upon to find her not credible. Therefore, she has waived review of the agency's adverse credibility determination and forfeited her claims for asylum and withholding of removal. *See Cui v. Garland*, 13 F.4th 991, 999 n.6 (9th Cir. 2021) (holding petitioner waived issue for which she made no substantive argument in her opening brief).

2. The agency denied Servellon-Hernandez CAT protection because of the adverse credibility determination and her failure to provide documentary evidence independently establishing her eligibility. As noted above, Servellon-Hernandez does not meaningfully address the agency's adverse credibility determination. In addition, substantial evidence supports the agency's determination that the country conditions evidence did not independently establish Servellon-Hernandez's eligibility for CAT protection. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (stating that "generalized evidence of violence and crime . . . is not particular to [the petitioners] and is insufficient to meet" the CAT standard).

3. Servellon-Hernandez argues that the IJ violated her due process right to impartiality by failing to act as a neutral factfinder. We decline to consider Servellon-Hernandez's due process argument because she failed to exhaust this issue. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (noting that administrative exhaustion under 8 U.S.C. § 1252(d)(1), while not jurisdictional, is a claim-processing rule that the court "must enforce" when it is "properly raise[d]" (citation omitted)); *see also Sola v. Holder*, 720 F.3d 1134, 1135-36 (9th Cir. 2013) (per curiam) (explaining that while constitutional challenges are generally excepted from exhaustion, exhaustion applies to due

process claims concerning alleged procedural errors that the BIA could have addressed).

4. The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED**.