NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS CRUZ-MANZANO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 24-1031

Agency No.
A078-195-235

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2024**

Before:    CANBY, TALLMAN, and CLIFTON, Circuit Judges.

Carlos Cruz-Manzano, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand and dismissing his appeal from an immigration judge's ("IJ's") decision

denying his applications for asylum, withholding of removal, and protection under

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We review de novo questions of law and constitutional claims.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We review for abuse of discretion the denial of a motion to remand.  *Cui v. Garland*, 13 F. 4th 991, 995 (9th Cir. 2021).  We deny in part and dismiss in part the petition for review.

Because Cruz-Manzano does not challenge the BIA's decision that he waived review of the IJ's determination that he was ineligible for asylum, we do not address it.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

To the extent Cruz-Manzano challenges the agency's denial of withholding of removal, we lack jurisdiction because Cruz-Manzano is removable under 8 U.S.C. § 1227(a)(2)(A)(iii).  8 U.S.C. § 1252(a)(2)(C) ("[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a [covered] criminal offense."); *Coria v. Garland*, 114 F.4th 994, 1003 n.3 (9th Cir. 2024).

Substantial evidence supports the agency's denial of CAT protection because Cruz-Manzano failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico.

*See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The BIA did not abuse its discretion in denying the motion to remand where Cruz-Manzano failed to establish that the evidence could not have been presented at the prior hearing. *See Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005) (evidence must not have been available to be presented at the former hearing before the IJ).

Cruz-Manzano's claims that the agency violated due process by denying the right to counsel and to present witnesses, and ignoring competency concerns, fail because he has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

The court, in its discretion, denies the motion for appointment of pro bono counsel (Docket Entry No. 34).

Because petitioner's motion to proceed in forma pauperis was granted at Docket Entry No. 9, the supplemental motion to proceed in forma pauperis (Docket Entry No. 35) is unnecessary.

The temporary stay of removal remains in place until the mandate issues. The supplemented motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**