NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL GARCIA GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-2148<br><br>Agency No.<br>A079-538-337<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2025**
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Gabriel Garcia Gonzalez, a native and citizen of Mexico, seeks review of a

decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from

an order of an Immigration Judge ("IJ") denying his motion to reopen or reconsider

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

his previously denied petition for immigration relief. We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition for review.

A motion to reopen is a traditional procedural mechanism allowing a petitioner to provide new information relevant to his case. *Meza-Vallejos v. Holder*, 669 F.3d 920, 924 (9th Cir. 2012). A motion to reconsider addresses whether the IJ made errors of fact or law. *Ayala v. Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017). We review the denial of a motion to reopen for abuse of discretion. *Cui v. Garland*, 13 F.4th 991, 995 (9th Cir. 2021). The agency abuses its discretion when its decision is "arbitrary, irrational, or contrary to law." *Id*. at 995-96 (quoting *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004)).[1]

Garcia Gonzalez has not shown that the BIA erred in finding that his motion to reopen was untimely and that he had not identified a valid basis for equitable tolling. A motion to reopen must be filed within 90 days of the BIA's order of removal, 8 U.S.C. § 1229a(c)(7)(C)(i), and while the BIA may waive the time limit for equitable reasons, *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022), Garcia Gonzalez does not explain his failure to file his motion until 2022, when his proceedings were closed in 2012. The BIA reasonably determined that "becoming potentially eligible for relief years after the entry of an order of removal

---

[1] We lack jurisdiction to address whether the BIA erred in declining to exercise its discretionary *sua sponte* authority to reopen. *Magana-Magana v. Garland*, 124 F.4th 757, 774 (9th Cir. 2024).

23-2148

does not constitute an exceptional situation warranting" reconsideration.

Nor has Garcia Gonzalez presented any persuasive new evidence or demonstrated any error by the BIA in denying his motion to reconsider. He does not deny that he previously testified that he had only been in the country since 1997.[2] Nonetheless, he claims his recollection at that time was "imperfect," and that he had actually been in the United States continuously since September 1991. Garcia Gonzalez asserts that his father (now deceased) had an I-130 petition for him that was approved in 2005 and that documents that were not before the IJ show his continued residence in the United States. But the documents he cites do not directly support his assertion that he entered the United States in 1990. Neither of the two specific documents he identified, his father's September 1987 registration of Garcia Gonzalez's birth in Mexico and his father's 1988 tax return, address Garcia Gonzalez's presence in the United States. Therefore, Garcia Gonzalez has not shown that the BIA abused its discretion in denying the motion to reopen and motion to reconsider.

The petition for review is **DENIED**. The stay of removal shall dissolve on the issuance of the mandate.

---

[2] In *Garcia Gonzalez v. Holder*, 427 F. App'x 711 (9th Cir. 2012), we held that the BIA's decision that Garcia Gonzalez had failed to establish continual presence was supported by substantial evidence.