NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELVIN ESTUARDO MORAGA ALVAREZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI,[*] Attorney General, <br><br> Respondent. | No. 23-2413 <br><br> Agency No. A074-807-615 <br><br> MEMORANDUM[**] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2025[***]
Pasadena, California

Before: PAEZ, IKUTA, and R. NELSON, Circuit Judges.

---

[*] Pamela Bondi is substituted as Attorney General pursuant to Fed. R. App. P. 43 (c).

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner Melvin Estuardo Moraga Alvarez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) third denial of his motion to reopen, denial of his motion to administratively close his deportation proceedings, and refusal to *sua sponte* reopen due to exceptional circumstances. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

1. We review the BIA's denial of a motion to reopen for abuse of discretion. *Santos-Zacaria v. Garland*, 598 U.S. 411, 425 (2023). Our "review is limited to those grounds explicitly relied upon by the [BIA,]" including portions of the Immigration Judge's decision that the BIA "expressly adopts." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020) (quotation omitted).

It has been over twenty years, and now three motions to reopen, since the BIA entered a final order of removal against Petitioner. And we still do not find that Petitioner has presented "material" evidence that "was not available and could not have been discovered or presented at the previous hearing" to justify reopening his deportation proceedings. 8 C.F.R. § 1003.2(c)(3)(ii).

Before the Immigration Judge, Petitioner conceded that he, like his mother, came to the United States for a "better future," was never "a member of any organizations in Guatemala[,]" was never "persecuted in Guatemala[,]" and never had "any problems in Guatemala other than economic [problems.]" But now,

Petitioner seeks to reopen his deportation proceedings to reassert asylum and withholding claims because Petitioner's "fear is now based on the increased level of gangs and violence in Guatemala and fear for his safety if he were to return to Guatemala." And he seeks to reopen his Convention Against Torture (CAT) protection claim because he also "does not believe the Guatemalan government can protect him." As evidence, Petitioner points to the United States State Department's Human Rights Report for Guatemala, this time for the year 2021 (2021 Report), and a personal affidavit.[1]

That is insufficient to assert an asylum or withholding claim. Petitioner's asylum and withholding claims must sound in persecution with a nexus to a protected ground. *See Delgado-Ortiz v. Holder,* 600 F.3d 1148, 1151 (9th Cir. 2010) (per curiam). Fear of generalized crime is insufficient. *Id.* Petitioner's opening brief never specifies a protected ground upon which he fears persecution, and issues "not specifically and distinctly argued and raised in a party's opening brief are waived." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

Petitioner's CAT protection claim is equally deficient. The BIA did not abuse its discretion when it found that Petitioner did not "sufficiently demonstrate[] that

---

[1] The BIA properly disregarded the affidavit. Petitioner has not lived in Guatemala for nearly three decades, and the BIA disregarded the affidavit as not based on personal knowledge.

the Guatemalan authorities are unable or unwilling to protect him from the potential threat of harm." "Petitioner['s] generalized evidence of violence and crime in [Guatemala] is not particular to [him] and is insufficient to" grant him CAT protection. *Delgado-Ortiz*, 600 F.3d at 1152.

Because Petitioner fails to establish a *prima facie* case for asylum, withholding, or CAT protection, the BIA did not abuse its discretion in denying his motion to reopen. *See, e.g.*, *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008).

2. The BIA did not abuse its discretion when it refused to *sua sponte* reopen proceedings under 8 C.F.R. § 1003.2(a). This authority is discretionary and not subject to judicial review, *Lona v. Barr*, 958 F.3d 1225, 1236–37 (9th Cir. 2022), except for constitutional or legal error, *see, e.g.*, *Cui v. Garland*, 13 F.4th 991, 1001 (9th Cir. 2021).

Petitioner argues that the BIA should have reopened his proceedings *sua sponte* to grant him administrative closure under *Matter of Avetisyan*, 25 I. & N. Dec. 688 (B.I.A. 2012). Specifically, he argues that "the Board committed clear abuse of discretion when it declined to reopen Petitioner's case because it clearly rejected an established legal framework (*Avetisyan* mentioned above)." But the Board correctly stated the law governing administrative closure. Accordingly, it did not reject an established legal framework, and we have no jurisdiction to address the BIA's discretionary evaluation of the applicable factors.

**PETITION DENIED.**[2]

---

[2] Petitioner's motion to stay removal, Dkt. 3, is denied.