NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERALD M. MAMARIL,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-2087<br><br>Agency No.<br>A072-870-212<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2025**
Pasadena, California

Before: IKUTA and R. NELSON, Circuit Judges, and EZRA, District Judge.***

Gerald Mamaril, a native and citizen of the Philippines, petitions for review of a Board of Immigration Appeals (BIA) decision affirming an immigration judge's (IJ) order deeming his applications for immigration relief abandoned and denying

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

his request for a continuance.  Though Mamaril was found removable for having committed an aggravated felony, the criminal-alien jurisdiction bar does not apply. *See* 8 U.S.C. § 1252(a)(2)(C).  Because Mamaril challenges the IJ's application of the relevant legal standards to undisputed facts, he raises a mixed question of law and fact over which we retain jurisdiction.  8 U.S.C. § 1252(a)(2)(D); *see Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 228 (2020).  We deny the petition for review.

1.  The IJ did not abuse his discretion in concluding that Mamaril abandoned his applications for immigration relief by failing to meet the filing deadline. *See Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013).  The IJ instructed Mamaril to file any applications by February 9, 2018.  Mamaril acknowledged the deadline five times and recognized the consequences for failing to meet it.  He still did not file his applications on time.  So it was not "arbitrary" or "irrational" to consider the applications abandoned when Mamaril tried to file them over a year and a half late. *Cui v. Garland*, 13 F.4th 991, 996 (9th Cir. 2021) (quotation omitted).

2.  The IJ did not abuse his discretion in denying Mamaril's request for a continuance to pursue post-conviction relief. *See Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019).  The IJ considered the factors for whether to grant a continuance, reasonably balancing those that favored Mamaril against those that did not. *See, e.g., Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).  Mamaril has not shown the "clear abuse" needed to disturb the IJ's discretionary decision. *Biwot v.*

*Gonzales*, 403 F.3d 1094, 1099 (9th Cir. 2005).

**PETITION DENIED.**