NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GRAIR MIRZAKHANIAN, | No. 18-70705; 21-460 |
| Petitioner, | Agency No. A209-938-913 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2026**
Pasadena, California

Before: TALLMAN, VANDYKE, and TUNG, Circuit Judges.

Petitioner Grair Mirzakhanian, a native of Armenia and a citizen Russia, seeks review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") decision ordering his removal to Russia, Case No. 18-70705, and the BIA's denial of his motion to reopen based on changed

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

circumstances, Case No. 21-460.  We have jurisdiction to review final orders of removal issued by the BIA under 8 U.S.C. § 1252.  We deny both petitions.

1. Because the BIA conducted its own review of the evidence and law, we review the Board's decision.  *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).  We review BIA determinations of whether past harm rises to the level of persecution for substantial evidence.  *Gu v. Gonzalez*, 454 F.3d 1014, 1018 (9th Cir. 2006).  "Substantial evidence means the Board's holding is supported by 'reasonable, substantial, and probative evidence on the record.'"  *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020).  Here, the record does not compel a finding of past persecution.  Petitioner testified as to three incidents of alleged harm.  But none of those allegations, individually or cumulatively, compel a finding of persecution.  Rather, those allegations show, at most, offensive treatment, harassment, and mere discrimination—which is insufficient.  *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003).  Additionally, neither Petitioner's allegations of a single officer telling him that it might be best to let it go, nor Petitioner's unsubstantiated belief that the police would be unhelpful, is sufficient to demonstrate that the alleged persecution was committed by the government or forces that the government is unable to control.  *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

Because Petitioner failed to establish past persecution, he is not entitled to a presumption of a well-founded fear of future persecution. Without such a presumption, Petitioner's allegations are insufficient to compel a finding of such a well-founded fear.

Further, because "[t]he 'more likely than not' standard for withholding of removal is 'more stringent' than the 'reasonable possibility' standard for asylum, . . . an applicant who is unable to show a 'reasonable possibility' of future persecution 'necessarily fails to satisfy the more stringent standard for withholding of removal.'" *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021). Accordingly, we uphold the BIA's dismissal of Petitioner's appeal of the IJ's denial of Petitioner's application for withholding of removal.

2. Petitioner also appeals the BIA's denial of his application to reopen his removal proceedings. Case No. 21-460. We have jurisdiction to review the BIA's denial of a motion to reopen as a final order of removal. *See* 8 U.S.C. § 1252(b)(6); *Mata v. Lynch*, 576 U.S. 143, 147–48 (2015). This court reviews that denial for abuse of discretion. *See Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017); *Cui v. Garland*, 13 F.4th 991, 995 (9th Cir. 2021). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (internal citations and quotation marks omitted). In

this context, to establish a change in country conditions sufficient for the BIA to grant an untimely motion to reopen, a petitioner must show that "'the new evidence . . . would establish prima facie eligibility for the relief sought.'" *Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021). "The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004).

Here, the BIA did not abuse its discretion in determining that Petitioner failed to establish that conditions in Russia have changed sufficiently for Petitioner to now have a well-founded fear of persecution. The additional evidence, a declaration by an expert witness and declarations by Petitioner's parents describing events after Petitioner left the country, show a continuation of Russian-Armenian tensions addressed during Petitioner's 2017 hearing. The events described by Petitioner's parents are also not qualitatively different from the events initially described by Petitioner. While the newly alleged events may be more serious in degree, both sets of events involve discrimination and threats to leave on the basis of Armenian heritage. Thus, the BIA did not abuse its discretion in determining that the newly alleged events were a continuation of the previous circumstances alleged by Petitioner in his initial hearing.

**PETITIONS FOR REVIEW DENIED.**

4