NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XOCCHILT NAHIELLY CORTEZ QUIJANO; AUBRIE VALENTINA MEDRANO CORTEZ, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No.   20-72618 <br><br> Agency Nos.   A209-279-452 <br> A209-279-453 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2026[**]
Pasadena, California

Before:  WARDLAW, DESAI, and DE ALBA, Circuit Judges.

Petitioners Xocchilt[1] Nahielly Cortez Quijano ("Cortez") and her minor

daughter, natives and citizens of El Salvador, petition for review of a Board of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]    We use petitioners' spelling, "Xocchilt," rather than the government's spelling, "Xochilt."

Immigration Appeals ("BIA") decision dismissing their appeal of an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of asylum, withholding of removal, and CAT claims for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We deny the petition.

1.    To be eligible for asylum, a petitioner must demonstrate past persecution or a well-founded fear of future persecution "committed by the government or forces the government is either unable or unwilling to control." *Rahimzadeh v. Holder*, 613 F.3d 916, 920 (9th Cir. 2010) (citation modified). Petitioners do not argue that the agency erred by concluding that petitioners failed to establish that they were persecuted by forces the government was unable or unwilling to control. Because petitioners did not "specifically and distinctly argue[]" this issue in their opening brief, they have forfeited it. *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (citation modified); *see also Cui v. Garland*, 13 F.4th 991, 999 n.6 (9th Cir. 2021) (holding that although the petitioner "set[] out her disagreement with the BIA in her 'Statement of the Case' section" on certain issues, she made "no substantive argument" and thus forfeited the issues on appeal).

Even if the issue were adequately preserved, substantial evidence supports the IJ's conclusion. Country condition reports demonstrate that El Salvador is working

to curb violence against women, the restraining order against Cortez's ex-partner was effective in protecting her from harm, and although Cortez threatened to call the police to deter the gang members, she never reported the incident. Therefore, the record does not compel the conclusion that the Salvadoran government is "unable or unwilling" to protect Cortez from harm. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (citation modified). Because petitioners cannot establish eligibility for asylum, their withholding of removal claim also fails.[2] *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

2.　　Petitioners argue that they are entitled to CAT protection because "violence against women is nearly at epidemic proportions" in El Salvador and "the gang specifically threatened to kill [Cortez] and her daughter if she did not acquiesce to the leader's demands." However, the record does not compel the conclusion that Cortez's ex-partner's violence or the gang members' threat was "inflicted by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity." 8 C.F.R. § 208.18(a)(1). And "generalized evidence of violence and crime in [El Salvador] is not particular to [Cortez] and is insufficient"

---

[2]　　On appeal, petitioners also argue that the agency erred in concluding that Cortez's particular social groups ("PSGs") were not cognizable and that petitioners failed to establish a nexus between Cortez's past persecution or fear of future persecution and her membership in her PSGs. But because the failure to establish that the Salvadoran government is unwilling or unable to protect Cortez from persecution is dispositive of petitioners' asylum and withholding claims, we decline to reach these issues.

to meet the standard required under CAT. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Substantial evidence therefore supports the BIA's decision to deny CAT relief.

3.      A notice to appear ("NTA") is not defective solely because it does not include the date or time of removal proceedings so long as the petitioner is later provided with a notice of hearing ("NOH") detailing this information. *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020). Petitioners were served with NTAs that notified them of their obligation to appear before an IJ at a time and place "to be determined," and they were later served with NOHs that notified them of the time and date of their hearings. Their NTAs were not defective and the IJ properly declined to terminate removal proceedings.

Petition **DENIED**.[3]

---

[3]      Petitioners' motion to stay removal, Dkt. 27, is **DENIED** effective upon issuance of the mandate from this court.