**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 21 2026

FOR THE NINTH CIRCUIT

MIGUEL ANGEL BATRES,

           Petitioner,

  v.

TODD BLANCHE, Acting Attorney General,

           Respondent.

No. 25-2173

Agency No. A095-138-885

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2026**
San Francisco, California

Before: COLLINS, JOHNSTONE, and DE ALBA, Circuit Judges.

    Miguel Angel Batres, a citizen of El Salvador, petitions for review of a

decision of the Board of Immigration Appeals ("BIA") denying his motion to

reopen his removal proceedings to apply for cancellation of removal under

§ 240A(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C.

§ 1229b(b)(1).  We have jurisdiction under § 242 of the INA, 8 U.S.C. § 1252.  We

review the agency's denial of a motion to reopen for abuse of discretion.  *Cui v.*

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

*Garland*, 13 F.4th 991, 995 (9th Cir. 2021).  We deny the petition.

The BIA did not abuse its discretion in denying Batres's motion to reopen. Batres does not contest that his motion was procedurally defective because he failed to comply with the regulatory requirement that his motion to reopen be accompanied by a completed application for cancellation of removal.  *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation.").

The BIA also properly concluded that Batres had failed to show that he was *prima facie* eligible for cancellation of removal.  In Batres's motion to reopen, his only arguments with respect to the asserted hardships that would be faced by his three qualifying children were conclusory.  Moreover, in support of his motion, Batres submitted only the birth certificates of his three qualifying children and a declaration from the children's mother that describes only the sort of hardships that one would expect from removal of someone who is the children's father and the family's primary breadwinner.  The "exceptional and extremely unusual" hardship standard is demanding, *see Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006–07 (9th Cir. 2025) (explaining that "the hardship must be 'substantially beyond the ordinary hardship that would be expected when a close family member leaves the country'" and "must be out of the ordinary and exceedingly uncommon" (citation

omitted)), and the BIA did not abuse its discretion in determining that the showing made in Batres's motion did not suffice to establish a "reasonable likelihood" of success on the merits of that hardship issue, *see Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1181–82 (9th Cir. 2023).

Because these findings are dispositive of Batres's petition, we do not reach the parties' additional arguments.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

**PETITION DENIED.**